938 S.W.2d 163 (1996)
Patricia PANIZO, Appellant and Cross-Appellee,
v.
YOUNG MEN'S CHRISTIAN ASSOCIATION OF THE GREATER HOUSTON AREA D/B/A The Post Oak Young Men's Christian Association, Appellee and Cross-Appellant.
No. 01-95-01349-CV.
Court of Appeals of Texas, Houston (1st Dist.).
December 30, 1996.
*165 Craig R. Keener, Houston, for appellant and cross-appellee.
L. Keith Slade, Houston, for appellee and cross-appellant.
Before HUTSON-DUNN, O'CONNOR and TAFT, JJ.

OPINION
HUTSON-DUNN, Justice.
This is a breach of contract case. The plaintiff appeals and asserts in two points of error the trial court erred in refusing to award attorney's fees. The defendant also appeals and asserts in one point of error the trial court erred in submitting a damage issue to the jury because the plaintiff did not present any evidence to raise the issue. We affirm the portion of the judgment that awards damages derived from the issue the defendant contends the trial court should not *166 have submitted. We reverse the portion of the judgment that denies the plaintiff attorney's fees and remand the cause for further proceedings on the issue of attorney's fees.

A.

Summary of Facts
The plaintiff in the trial court, Patricia Panizo, sued the defendant, the Post Oak Young Men's Christian Association (YMCA), after a YMCA lifeguard sexually assaulted Panizo's daughter. Panizo sued individually and on behalf of her daughter. The daughter's case settled. Panizo's case in her individual capacity was submitted to a jury on breach of contract and fraud theories. The jury returned a take-nothing verdict on the fraud claim, but awarded $1,000 on the contract claim for past medical and psychiatric expenses that Panizo had incurred for treatment of her daughter. The parties agreed the trial court would decide the issue of attorney's fees. The court held a hearing and heard evidence on attorney's fees.
In its judgment, the court awarded Panizo $1,000 based on the jury's verdict, plus $600 in prejudgment interest. However, the court did not award Panizo attorney's fees. Both parties have perfected an appeal of the judgment.

B.

The YMCA's Appeal
In its sole point of error, the YMCA contends the trial court erred when it submitted to the jury the issue of past medical and psychiatric expenses that Panizo incurred on behalf of her daughter. Specifically, the YMCA contends there was no evidence to support the submission of this issue because the evidence does not show the expenses were reasonably necessary as a result of the injuries that the lifeguard inflicted on Panizo's daughter. The YMCA preserved this error by timely objecting to the submission of this issue on the same basis and obtaining a ruling from the trial court. See TEX. R.CIV.P. 272, 274; Steves Sash & Door Co. v. Ceco Corp., 751 S.W.2d 473, 477 (Tex.1988) (objection to submission of jury question preserves "no evidence" point of error); M.D. Anderson Hosp. v. Felter, 837 S.W.2d 245, 247 (Tex.App.-Houston [1st Dist.] 1992, no writ).
Panizo responds to the YMCA's point of error by asserting: (1) there was sufficient evidence that the expenses were incurred as a result of the sexual assault; (2) the YMCA has waived its point of error by not supplying a complete record; (3) the YMCA's limited appeal is improper and should be stricken; and (4) the YMCA's appeal is frivolous, entitling Panizo to additional damages. See TEX. R.APP.P. 84 (appeal sanctions rule).
We first consider whether the YMCA's limited appeal is improper and should be stricken. Panizo contends the YMCA's limited appeal is improper under TEX.R.APP.P. 40(a)(4) because the YMCA is attempting to appeal a portion of the judgment that is not severable. The purpose of rule 40(a)(4) is to allow the appellant to limit its appeal and prevent the appellee from raising cross-points without perfecting an independent appeal. See Warren v. Triland Inv. Group, 779 S.W.2d 808, 809 (Tex.1989). Without deciding whether the YMCA complied with rule 40(a)(4), we note that each party in this case perfected its own appeal rather than raising cross-points of error in its opponent's appeal. Therefore, we conclude rule 40(a)(4) does not support overruling the YMCA's point of error on this ground.
We next consider whether the YMCA waived its point of error by not supplying a complete record. The YMCA attempted to limit the record in its appeal by filing a partial statement of facts and designating its sole point of error. See TEX.R.APP.P. 53(d).[1] The YMCA requested the court reporter to transcribe and include in the statement of facts the following parts of the record: (1) the transcription of testimony by Dr. Stephen *167 Kramer at the jury trial on liability; (2) all objections to the charge; (3) the evidence from the first non-jury hearing on attorney's fees, February 17, 1995; and (4) the evidence from the second non-jury hearing on attorney's fees, July 28, 1995. In response to the YMCA's request, Panizo requested that additional parts of the record be included in the statement of facts. See TEX.R.APP.P. 53(b). However, even adding the parts requested by Panizo, we still do not have a complete statement of facts from the trial on liability.
Under its sole point of error, the YMCA challenges the evidence to support the submission of a jury issue on past medical and psychiatric expenses that Panizo incurred on behalf of her daughter. We hold the YMCA waived its point of error by not providing a complete statement of facts.
The YMCA has raised a no evidence point of error. When an appellant raises a no evidence or insufficient evidence point of error, it has the burden to provide a complete statement of facts on appeal. Schafer v. Conner, 813 S.W.2d 154, 155 (Tex. 1991); City of Baytown v. C.L. Winter, Inc., 886 S.W.2d 515, 520 n. 1 (Tex.App.-Houston [1st Dist.] 1994, writ denied). Rule 53(d) does not apply to points of error challenging the legal and factual sufficiency of the evidence. Schafer, 813 S.W.2d at 155; C.L. Winter, Inc., 886 S.W.2d at 520 n. 1. Without rule 53(d), a partial statement of facts creates the presumption that the omitted evidence supports the trial court's judgment. Schafer, 813 S.W.2d at 155; Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex.1990).[2]
We overrule the YMCA's sole point of error. However, we decline to assess sanctions against the YMCA for a frivolous appeal.

C.

Panizo's Appeal
We now consider Panizo's appeal. Like the YMCA, Panizo attempted to limit the record in her appeal by filing a partial statement of facts and designating two points of error to support her contention that the trial court erred in refusing to award her attorney's fees on her contract claim. See TEX. R.APP.P. 53(d).[3] First, Panizo contends the trial court erred when it ruled no presentment was made in this case, thereby precluding attorney's fees under Tex.Civ.Prac. & Rem.Code § 38.002 (Vernon 1986). Second, Panizo contends the trial court erred when it ruled her attorney's fees should have been segregated between the breach of contract and fraud claims. The YMCA responds the trial court's rulings were correct because Panizo did not present her contract claim, and she is not entitled to invoke the exception to the general rule that attorney's fees between contract and non-contract claims should be segregated.
As noted, the parties agreed that an award of attorney's fees, if any, would be decided by the trial court. After the jury returned its verdict, the court held a hearing on February 17, 1995, to receive evidence on Panizo's right to attorney's fees. The record contains a statement of facts from the hearing. At the hearing, Panizo's attorney testified and was cross-examined about the fees incurred in preparing Panizo's case. The court took the issue of attorney's fees under advisement so the parties could submit trial briefs on the issue.
Both Panizo and the YMCA filed trial briefs addressing the attorney's fees issue. The briefs asserted the same grounds the parties now assert on Panizo's appeal. Panizo then filed a motion requesting determination of attorney's fees. The trial court conducted *168 a hearing on the motion on July 28, 1995. At the hearing, the court ruled that Panizo could not recover attorney's fees from the YMCA. The court ruled Panizo did not present her claim, and she should have segregated attorney's fees spent in preparing the fraud and contract claims. In its final judgment, the court ordered that Panizo not recover attorney's fees from the YMCA. Panizo filed a motion for new trial and asserted, among other things, that the trial court erred in ruling that no presentment had been made and that attorney's fees should have been segregated. The court overruled the motion.
1. Presentment of Claim
In point of error one, Panizo contends the trial court erred when it ruled she did not present her contract claim, thereby precluding attorney's fees under TEX.CIV.PRAC. & REM.CODE ANN. § 38.002. Specifically, Panizo contends the undisputed testimony from the February 17 hearing established Panizo presented her contract claim to the YMCA, and the YMCA did not tender the amount owed within 30 days after presentment.
The general rule regarding attorney's fees is that, absent a contractual or statutory provision to the contrary, each party bears the cost of her own attorney. Turner v. Turner, 385 S.W.2d 230, 233 (Tex.1965); Nelkin v. Panzer, 833 S.W.2d 267, 269 (Tex. App.-Houston [1st Dist.] 1992, writ dism'd w.o.j.). Section 38.001(8) of the Civil Practice and Remedies Code provides a party may recover reasonable attorney's fees if the claim is for an oral or written contract. TEX. CIV.PRAC. & REM.CODE § 38.001(8) (Vernon 1986). To recover attorney's fees under chapter 38 of the Civil Practice and Remedies Code, the claimant must comply with the following requirements:
(1) the claimant must be represented by an attorney;
(2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and
(3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.
TEX.CIV.PRAC. & REM.CODE § 38.002 (Vernon 1986); see also Great Am. Ins. Co. v. North Austin MUD, 908 S.W.2d 415, 429 n. 10 (Tex.1995); Hermann Hosp. v. Vardeman, 775 S.W.2d 866, 868 (Tex.App.-Houston [1st Dist.] 1989, no writ).
Presentment of a claim under section 38.002 is required to allow the person against whom it is asserted an opportunity to pay it before incurring an obligation for attorney's fees. Jones v. Kelley, 614 S.W.2d 95, 100 (Tex.1981); Bethel v. Norman Furniture Co., 756 S.W.2d 6, 8 (Tex.App.-Houston [1st Dist.] 1988, no writ). The burden of proof is on the claimant to plead and prove presentment and failure to tender performance. Ellis v. Waldrop, 656 S.W.2d 902, 905 (Tex.1983); European Import Co. v. Lone Star Co., 596 S.W.2d 287, 291 (Tex. App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.).
No particular form of presentment is required, and it may be written or oral. Jones, 614 S.W.2d at 100; Bethel, 756 S.W.2d at 8. All that is necessary is that an assertion of a debt or claim and a request for compliance be made to the opposing party, and that the party refuse to pay the claim. Huff v. Fidelity Union Life Ins. Co., 158 Tex. 433, 312 S.W.2d 493, 500 (1958); Adams v. Petrade Int'l, Inc., 754 S.W.2d 696, 719 (Tex.App.-Houston [1st Dist.] 1988, writ denied). The statute is to be liberally construed to promote its underlying purposes. TEX.CIV.PRAC. & REM.CODE § 38.005 (Vernon 1986); Adams, 754 S.W.2d at 719. However, the act of filing suit is not by itself a demand within the terms of the statute. Huff, 312 S.W.2d at 500; European Import Co., 596 S.W.2d at 291.
Panizo's attorney testified at the February 17 attorney's fees hearing he had presented Panizo's claim several times in writing to the YMCA's attorney, and the YMCA did not tender payment within 30 days. Panizo's attorney testified that, despite many efforts to get a settlement offer, he did not get an offer with respect to Panizo. On cross-examination by the YMCA's attorney, Panizo's attorney testified Panizo's live pleadings asserted breach of contract and several non-contractual causes of action, *169 including fraud. Panizo's attorney testified he made a demand on the YMCA's attorney before and during mediation, and the YMCA's attorney said it was not going to pay Panizo anything on her claims. Panizo's attorney testified he had discussed with the YMCA's attorney the merits of Panizo's case, and he told the YMCA's attorney during mediation that he believed the fraud and contract causes of action were Panizo's only viable claims. Panizo's attorney offered to settle her fraud and contract claims for $125,000, the same amount for which the YMCA had settled the daughter's claims.
The YMCA did not present any evidence to contradict the testimony of Panizo's attorney. Nevertheless, the YMCA contends Panizo's $125,000 settlement offer was not a demand because it was made in the course of mediation, it was not an exclusive offer to settle only the breach of contract claim, and Panizo did not establish the YMCA was given 30 days to pay the claim. We disagree. We hold the testimony of Panizo's attorney established that Panizo presented her contract claim to the YMCA before the mediation, and the YMCA did not pay the claim within 30 days.
The YMCA also contends that if Panizo did present her contract claim, her demand for $125,000 was excessive because the jury only awarded her $1,000. A creditor who makes an excessive demand on a debtor is not entitled to attorney's fees for litigation required to recover the debt. Findlay v. Cave, 611 S.W.2d 57, 58 (Tex.1981). However, a demand is not excessive simply because it is greater than that which a jury later determines is actually due. See id. Although this may be some evidence of an excessive demand, it cannot be the only factor to consider, especially where the amount due is unliquidated. Id. A claimant is not required to make a presentment for the exact amount it is entitled to recover at trial. Adams, 754 S.W.2d at 720. The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith. See Findlay, 611 S.W.2d at 58.
Panizo sought unliquidated damages in this case for $125,000, which was the same amount for which the YMCA had settled the daughter's claims. Panizo also presented evidence of actual damages in the range of $300,000. Although the jury awarded Panizo damages of only $1,000, the record does not support the YMCA's contention that Panizo's presentment was excessive. We hold the trial court erred to the extent it denied attorney's fees on the ground that Panizo did not present her contract claim to the YMCA.
We sustain point of error one.
2. Segregation of Fraud and Contract Claims
In point of error two, Panizo contends the trial court erred when it ruled her attorney's fees should have been segregated between her breach of contract and fraud claims and when it altogether denied an award of those fees.[4] During the February 17 attorney's fees hearing, Panizo's attorney testified as follows regarding Panizo's fraud and contract claims:
Both of our claims were based upon the very same facts, what was said to Ms. Panizo before she put her children in this day care and what the brochure said. We were pleading for contract and alternatively fraud. Those two claims were so inextricably intertwined that there was no way to segregate my work with respect to both causes of action and therefore ... I made no segregation with respect to those claims.
The trial court disagreed with Panizo's attorney and expressed its opinion that Panizo's fraud and contract claims were not inextricably *170 intertwined. The court said Panizo's attorney should have segregated his attorney's fees between the two claims. The court proposed awarding Panizo $40,000 in attorney's fees, which was a reduction of the $67,328.50 award requested by Panizo. The YMCA's attorney refused to accept this proposal. As noted, the court then took the issue of attorney's fees under advisement so the parties could submit trial briefs on the issue. The court ruled Panizo should have segregated attorney's fees spent in preparing the fraud and contract claims. The court rendered judgment that Panizo not recover attorney's fees from the YMCA.
We now consider whether the court was correct in denying Panizo attorney's fees on the ground that she did not segregate attorney's fees between her fraud and contract claims. To show the reasonableness and necessity of attorney's fees, the party seeking attorney's fees must show the fees were incurred while suing the party sought to be charged with the fees on a claim that allows recovery of the fees. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 10 (Tex.1991); Stamp-Ad, Inc. v. Barton Raben, Inc., 915 S.W.2d 932, 937 (Tex.App.-Houston [1st Dist.] 1996, no writ). A party seeking attorney's fees usually has a duty to segregate nonrecoverable fees from recoverable fees and to segregate the fees owed by different parties. See Stewart Title, 822 S.W.2d at 11; Stamp-Ad, Inc., 915 S.W.2d at 937. There is an exception to the duty to segregatewhen the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts. Stewart Title, 822 S.W.2d at 11; Stamp-Ad, Inc., 915 S.W.2d at 938. When causes of action involved in a suit are dependent upon the same set of facts or circumstances and thus are intertwined to the point of being inseparable, the party suing for attorney's fees may recover the entire amount covering all claims. Stewart Title, 822 S.W.2d at 11; Stamp-Ad, Inc., 915 S.W.2d at 938.
The YMCA concedes Panizo's fraud and contract claims arose from the same transaction. However, the YMCA contends Panizo's claims are not so interrelated that their prosecution entails proof or denial of essentially the same facts.
To recover on her contractual cause of action, Panizo had to prove:
1. the existence of a valid contract, i.e., the agreement between Panizo and the YMCA that Panizo would pay the YMCA to provide safe child care for her daughter;
2. that the plaintiff performed or tendered performance, i.e., that Panizo paid the YMCA;
3. that the defendant breached the contract, i.e., that the YMCA did not provide safe child care; and
4. that the plaintiff was damaged as a result of the breach, i.e., that Panizo's daughter was injured from the inadequate child care, and Panizo spent money for medical and psychiatric services related to the injury.
See Hussong v. Schwan's Sales Enter., 896 S.W.2d 320, 326 (Tex.App.-Houston [1st Dist.] 1995, no writ).
To recover on her fraud cause of action, Panizo had to prove:
1. that the defendant made a material misrepresentation, i.e., that the YMCA told Panizo it would provide safe child care for her daughter when in fact it did not;
2. that the defendant knew it was false when made, i.e., that the YMCA knew upon making the promise that it would not provide safe child care for Panizo's daughter;
3. that the defendant intended the plaintiff to act on the misrepresentation, i.e., that the YMCA intended Panizo to pay money in exchange for its promise to provide safe child care;
4. that the plaintiff acted in reliance upon the promise, i.e., that Panizo paid the money; and
5. that the plaintiff suffered injury because of the false promise, i.e., the inadequate child care injured Panizo's daughter, and Panizo spent money for medical and psychiatric services related to the injury.
*171 See Trenholm v. Ratcliff, 646 S.W.2d 927, 930 (Tex.1983); Fisher Controls Int'l, Inc. v. Gibbons, 911 S.W.2d 135, 140 (Tex.App.-Houston [1st Dist.] 1995, no writ).
Panizo's fraud and contract claims required proof of several overlapping facts, such as a broken promise and damages. However, we agree with the trial court that the fraud claim required more preparation than the contract claim by itself. The fraud claim required proof that the YMCA knew, at the time it promised Panizo safe child care for her daughter, that it would not fulfill the promise. Proof of this scienter requirement would require significant additional pretrial discovery and trial preparation. We hold the fraud and contract claims in this case do not involve proof or denial of essentially the same facts. We decline to apply the exception to segregation in Stewart Title to this case.
Panizo also argues she did not have to segregate between her contract and fraud claims because the fraud claim arose from the breach of contract claim. Panizo cites two cases as authority. See Schindler v. Austwell Farmers Coop., 829 S.W.2d 283, 288 (Tex.App.-Corpus Christi), aff'd as modified, 841 S.W.2d 853 (Tex.1992); Gill Sav. Ass'n v. Chair King, Inc., 783 S.W.2d 674, 680 (Tex.App.-Houston [14th Dist.] 1989), aff'd in part and modified in part, 797 S.W.2d 31 (Tex.1990). Both cases hold that, when a party proves fraud arising from a breach of contract, the party may recover attorney's fees for the fraud. Schindler, 829 S.W.2d at 288; Gill Sav. Ass'n, 783 S.W.2d at 680. This case is distinguishable from Gill and Schindler because, unlike the plaintiffs in those cases, Panizo did not prove fraud. The jury found that the YMCA did not commit fraud against Panizo. We hold Gill and Schindler are inapplicable to the facts of this case. The trial court did not err when it ruled Panizo's attorney's fees should have been segregated between her breach of contract and fraud claims.
Panizo also argues that the trial court erred in completely denying her an award of attorney's fees. We find that the trial court did err to the extent it completely denied Panizo attorney's fees. Evidence of unsegregated attorney's fees is more than a scintilla of evidence of segregated attorney's fees, i.e., what a reasonable attorney's fee would be for the entire case indicates what the segregated amounts should be. Stewart Title, 822 S.W.2d at 12. The determination of reasonable attorney's fees is a question for the trier of fact. Id. Thus, a remand of the attorney's fees issue to the trial court for further consideration is appropriate. See id.
We sustain Panizo's point of error two.
We affirm the judgment of the trial court as to the YMCA's appeal. We reverse the judgment of the trial court as to Panizo's appeal and remand the cause for further proceedings on the issue of attorney's fees in accordance with this opinion.
O'CONNOR, J. concurs and dissents.
O'CONNOR, Justice, concurring and dissenting.
The majority holds that the plaintiff should have segregated the attorney fees between the contract and fraud cause of action, and remands the case for a hearing to permit Panizo's attorney to segregate attorney fees. I concur with the majority's disposition to reverse and remand for a hearing on attorneys fees; however, I dissent from the majority's holding which requires Panizo's attorney to segregate attorney fees.
The attorney already testified that he could not segregate the attorney fees for the contract and fraud claims. The attorney testified as follows:
[W]e were pursuing a contract cause of action and a fraud cause of action and you cannot recover attorneys fees for fraud but... both of our claims were based upon the very same facts, what was said to Ms. Panizo before she put her children in this day care and what the brochure said. We were pleading for contract and alternatively, fraud. Those two claims were so inextricably intertwined that there was no way to segregate my work with respect to both those causes of action and therefore I haveI made no segregation with respect to those claims. As I've already stated, I did make some segregation for ... things *172 that I did that were only helpful to the minor....
The majority holds that Panizo was required to prove the element of scienter for the fraud claim, which would require "significant additional pretrial discovery." I disagree. Panizo's lawyer testified that fraud was pled in the alternative, and he did not actively pursue the fraud claim.
Even if the lawyer had actively pursued the fraud claim, I would still hold that Panizo's fraud and contract claims involve proof of "essentially" the same facts. Stewart Title Guaranty Co. v. Sterling, 822 S.W.2d 1, 10 (Tex.1991). Other opinions have so held. AmSav Group, Inc. v. American Sav. & Loan Ass'n, 796 S.W.2d 482, 492 (Tex.App.-Houston [14th Dist.] 1990, writ denied) (contract and fraudulent misrepresentation claims were so intertwined that party was not required to segregate attorney fees); Gill Sav. Ass'n v. Chair King, Inc., 783 S.W.2d 674, 680 (Tex.App.-Houston [14th Dist.] 1989) (contract and fraud claims were so intertwined that party was not required to segregate), aff'd in part and modified in part, 797 S.W.2d 31 (Tex.1990). In issuing this opinion, this Court creates a split in authority for the trial courts within the district covered by the First and the Fourteenth Courts of Appeal.
NOTES
[1] As noted, the YMCA also attempted to limit the scope of its appeal by filing a notice to limit the appeal. See TEX.R.APP.P. 40(a)(4). Panizo perfected her own appeal and does not assert any cross-points in the YMCA's appeal. Therefore, the YMCA's attempt to limit the scope of its appeal did not prevent Panizo from asserting her points of error.
[2] Even if we were to consider the merits of the YMCA's point of error, we would hold there was sufficient evidence to support the submission of the jury question on past medical and psychiatric expenses. Under this point, the YMCA argues that the child had experienced other traumas that might explain the need for psychiatric care besides the sexual assault. Counsel made that argument to the jury after the plaintiff's counsel requested $7,500, and the jury returned a verdict of $1,000.
[3] The trial court held separate hearings on liability and the attorney's fees issues. The YMCA's liability was submitted to a jury. The attorney's fees for Panizo was tried to the court. Panizo requested a transcript of the entire record relating to attorney's fees.
[4] Although the wording of Panizo's point of error two stated the trial court erred when it ruled Panizo attorney's fees should have been segregated, a broad reading of the argument supporting the point of error suggests Panizo complains the trial court erred in denying her attorney's fees altogether. See Anderson v. Gilbert, 897 S.W.2d 783, 784-85 (Tex.1995) ("An appellate court should consider the parties' arguments supporting each point of error and not merely the wording of the points."); see also Pool v. Ford Motor Co., 715 S.W.2d 629, 632-33 (Tex.1986) (stating the policy of relaxing past rigorous requirements as to the wording of points of error in order to do justice).