**Sidney L. HARRISON, Appellant,**

v.

**GEMDRILL INTERNATIONAL, INC., Appellee.**

No. 01–97–00461–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 27, 1998.

Rehearing Overruled Oct. 14, 1998.

Syd Phillips, Houston, for Appellants.

Fred L. Unger, Houston, for Appellees.

Before Chief Justice SCHNEIDER and Justices HEDGES and NUCHIA.

## OPINION

SCHNEIDER, Chief Justice.

Gemdrill International, Inc. ("Gemdrill") sued Sidney L. Harrison for breach of contract and for tortious interference with a contract. Harrison filed a counterclaim for breach of contract for lost wages. Gemdrill asserted the affirmative defenses of res judicata, collateral estoppel, election of remedies, and offset. After a bench trial, the trial court entered a take-nothing judgment as to both parties' claims. On appeal, Harrison contends the trial court erred in failing to award him his lost wages and attorney's fees. We reverse and render.

## FACTS

In January 1995, Gemdrill hired Harrison, an at-will employee, to work as a drilling supervisor or consultant on an oil drilling rig known as HP–160 in Venezuela. Gemdrill provided the services of these consultants to South American Enterprises, C.A. ("S.A.E."), who, in turn, provided these services to Corpoven, the Venezuelan national oil company. Harrison was scheduled to work every other two weeks. Harrison was to be paid $300 per day, including travel time, or a total of $4,800 for every shift.

Harrison flew to Venezuela five. times at the expense of Gemdrill. On either May 16, 1995, or May 17, 1995, Harrison arrived in Venezuela to work for a two-week period. On May 18, Harrison notified Leon Hughes of S.A.E. that after the two-week period he would no longer be working for S.A.E. but would be working on the same rig for Freddy Rojas of Oil Field Services. According to Harrison, he worked the full two-week period for Gemdrill, for which he was not paid.

Corpoven paid S.A.E. and Gemdrill for Harrison's services during this last two-week period. After Harrison left S.A.E ., Corpoven, who wanted to retain Harrison's services, told S.A.E. that they would no longer be employing the services of S.A.E. on the rig known as HP–160.[1] Harrison continued to work on the rig through Oil Field Services.

## PROCEDURAL HISTORY

Harrison filed a wage claim for $9,600 in unpaid wages with the Texas Employment Commission, who initially determined on November 15, 1995 that Gemdrill owed Harrison $4,800 in unpaid wages. Five days later, Gemdrill filed this action alleging Harrison (1) breached his duty of loyalty; (2) tortiously interfered with Gemdrill's contract with a supervisor, who was to succeed Harrison, by inducing him to work for Oil Field Services, Harrison's new employer; and (3) tortiously interfered with the business relationship between S.A.E. and Corpoven by substituting Oil Field Services as his new employer on the rig. On November 28, 1995, Harrison appealed the preliminary decision of the Texas Employment Commission, and the Texas Employment Commission determined that it did not have jurisdiction to rule on wages payable for services rendered in another country. Accordingly, the Texas Employment Commission dismissed Harrison's claim for want of jurisdiction and voided its previous decision. On March 20, 1996, Harrison asserted his counterclaim for $9,600 in lost wages in this action. On April 18, 1996, Harrison filed a motion for rehearing with the Texas Employment Commission, which denied the motion.

After a bench trial on the merits of Gemdrill's and Harrison's claims, the trial court entered a take-nothing judgment as to both parties. The record is devoid of findings of facts and conclusions of law and a request for such findings and conclusions.

## STANDARD OF REVIEW

 Because no findings of fact or conclusions of law were requested or filed, we presume the trial court made all the findings necessary to support its judgment. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990). In determining whether some evidence supports the judgment and the implied findings of fact, we consider only the evidence most favorable to the issue and disregard entirely that which contradicts it. *Id.* In the absence of findings of fact, we will affirm the judgment if it can be upheld on any legal theory that has support in the evidence. *Id.*

 A party may challenge the evidence that supports the trial court's implied findings. *See Wadsworth Props. v. ITT Employment & Training Sys., Inc.,* 816 S.W.2d 819, 822 (Tex.App.—Houston [1st Dist.] 1991, writ denied). If an appellant challenges the legal sufficiency of an adverse finding on an issue on which he had the burden of proof, the appellant must overcome two hurdles. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989). First, we must examine the record for evidence and inferences supporting the challenged finding, ignoring all evidence to the contrary. *Id.* Second, if there is no evidence to support the finding, then we will examine the entire record to determine if the contrary position is established as a matter of law. *Id.*

## UNPAID WAGES

 Harrison contends there is legally insufficient evidence to support the trial court's failure to award him unpaid wages. We agree. It is undisputed that Harrison worked five 14–day shifts for Gemdrill. Harrison testified that he was not paid for the first and last shifts. Harrison also testified that he had agreed to work for Gemdrill for $300 per day, plus two days' travel time, or a total of $4,800 for each shift. On cross-examination, John Grosso of Gemdrill testified that Harrison was not paid for one shift:

> Q. [by Harrison's attorney]: You do not dispute the fact that Mr. Harrison was not paid for two of the five shifts that he went down to work in Venezuela in your company?

---

1. However, Corpoven continued to employ the services of S.A.E. for other rigs.

A. [by John Grosso]: He was not paid for one, it may be two. This is the first time I've heard of two, but I thought it was one, but I won't argue that point right now.

Thus, the uncontradicted evidence indicates Harrison was not paid for one pay period, for which Harrison would have been compensated in the amount of $4,800.

■ Gemdrill contends that this failure to pay was offset by the damages it sustained as a result of Harrison's breach of contract (*i.e.*, breach of the duty of loyalty) and his tortious interference with its business or contractual relationships with a prospective employee and with Corpoven. However, Gemdrill did not properly quantify any of its damages. The measure of damages for interference with contracts is the same as those for breach of contract—the court attempts to put the plaintiff in the same economic position he would have been in had the contract not been breached. *Armendariz v. Mora*, 553 S.W.2d 400, 406 (Tex.Civ. App.—El Paso 1977, writ ref'd n.r.e.). Gemdrill made no attempt to prove its expected profits had Harrison continued to be employed by Gemdrill on the rig. Although there may have been some evidence as to what its profits were per day, *i.e.*, $100 per day per man minus the 10% that S.A.E. was to receive, Gemdrill did not put on any evidence on how long it expected Harrison to remain employed at Gemdrill or any evidence of what Gemdrill gained by not having to employ Harrison. Even if Gemdrill had properly quantified its damages, Gemdrill did not appeal the trial court's take-nothing judgment against it on all of its claims. Thus, it would not be entitled to an offset.

■ Gemdrill also contends Harrison's counterclaim for unpaid wages is barred by the doctrine of res judicata on the basis of the earlier proceeding before the Texas Employment Commission. Res judicata applies only if there is an existing final judgment by a court of competent jurisdiction. *Montgomery v. Blue Cross & Blue Shield of Texas, Inc.*, 923 S.W.2d 147, 150 (Tex.App.—Austin 1996, writ denied). The doctrine also applies to the relitigation of claims previously determined by an administrative agency. *Id.* However, res judicata does not bar a claim if the court rendering judgment in the initial suit lacked subject-matter jurisdiction over the claim. *Id.* In this case, the Texas Employment Commission voided its previous determination that Gemdrill owed Harrison $4,800 because it lacked jurisdiction to hear claims for wages earned in another country. Because the Texas Employment Commission lacked subject-matter jurisdiction to consider Harrison's claim and because the Texas Employment Commission did not adjudicate the merits of Harrison's claim, the doctrine of res judicata does not bar Harrison's claim for wages in the trial court.

■ Finally, Gemdrill contends Harrison's claim for unpaid wages is barred by the doctrine of election of remedies on the basis of the earlier proceeding before the Texas Employment Commission. The election of remedies doctrine may bar relief when (1) one successfully exercises an informed choice (2) between two or more remedies, rights, or states of facts (3) which are so inconsistent as to (4) constitute manifest injustice. *Medina v. Herrera*, 927 S.W.2d 597, 600 (Tex. 1996). In this case, the Texas Employment Commission determined that it did not have jurisdiction under chapter 61 of the Texas Labor Code to adjudicate Harrison's claim for unpaid wages earned in Venezuela. Accordingly, it would have been impossible for Harrison to obtain an inconsistent remedy in district court. Thus, the doctrine of election of remedies is inapplicable in this case.

We conclude Harrison conclusively established that he was entitled to $4,800 in unpaid wages from Gemdrill, and the trial court erred in failing to award Harrison this amount. Having decided that Harrison was successful in proving Gemdrill's failure to pay Harrison's wages, we must next determine whether his attorney adequately proved his right to recover attorney's fees under section 38.001(2) of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(2) (Vernon 1997).

## HARRISON'S ATTORNEY'S FEES

Harrison claims the trial court should have awarded him attorney's fees in the amount of

$6,000 pursuant to section 38.001(2) of the Civil Practice and Remedies Code. We agree.

The general rule regarding attorney's fees is that, absent a contractual or statutory provision to the contrary, each party bears the cost of his own attorney. *Panizo v. Young Men's Christian Assoc.*, 938 S.W.2d 163, 168 (Tex.App.—Houston [1st Dist.] 1996, no writ). A person may recover reasonable attorney's fees from a corporation, in addition to the amount of a valid claim and costs, if the claim is for performed labor. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(2). To recover attorney's fees under chapter 38 of the Civil Practice and Remedies Code, the claimant must comply with the following requirements: (1) the claimant must be represented by an attorney; (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and (3) payment for the just amount owed must not have been tendered before the expiration of the thirtieth day after the claim is presented. TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (Vernon 1997).

Presentment of a claim under section 38.002 is required to allow the person against whom it is asserted an opportunity to pay it before incurring an obligation for attorney's fees. *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex.1981); *Panizo*, 938 S.W.2d at 168. The burden is on the claimant to plead and prove presentment and failure to tender performance. *Panizo*, 938 S.W.2d at 168. No particular form of presentment is required, and it may be written or oral. *Id.* The act of filing suit is not by itself a demand within the terms of the statute. *Id.*

During trial, Harrison testified that when he informed Hughes of his resignation, he told him he wanted to collect his pay "without fail" when he got through with his two-week tour. When he was not paid, Harrison filed a complaint with the Texas Employment Commission. We hold Harrison sufficiently presented his claim.

At the conclusion of the trial, Harrison's attorney testified regarding his own fees. For the trial court to award an amount of attorney's fees as a matter of law, "the evidence from an interested witness must not be contradicted by any other witness or attendant circumstances and the same must be clear, direct and positive, and free from contradiction, inaccuracies and circumstances tending to cause suspicion thereon." *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex.1990). The trial court, "as a trier of fact, may award attorneys' fees as a matter of law in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so." *Id.* We have awarded attorney's fees when counsel testified under oath as to time expended, fees per hour, and the reasonableness and necessity of his efforts. *See Goudeau v. Marquez*, 830 S.W.2d 681, 683–84 (Tex.App.—Houston [1st Dist.] 1992, no writ).

Harrison's attorney offered his time sheets, testified that his hourly rate of $200 was customary and reasonable, and requested a total of $6,000. Gemdrill did not object to the amount of the requested attorney's fees and did not offer any evidence to contradict such an amount. Accordingly, attorney's fees in the amount of $6,000 should be awarded.

We sustain point of error one.

## CONCLUSION

We reverse the judgment of the trial court as to Harrison's counterclaim and render judgment in favor of Harrison in the amount of $4,800 for his wages and $6,000 for his attorney's fees.