11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Saleh W. Igal

Appellant

Vs.                   No.  11-03-00099-CV C
Appeal from Dallas County

Brightstar
Information Technology Group, Inc.

and BRBA, Inc.

 

Appellees

 

This is an appeal of a summary judgment order
dismissing an employee=s
common-law debt claim for unpaid wages.  Saleh W. Igal sued Brightstar Information Technology Group, Inc. and BRBA,
Inc. alleging that they owed him for unpaid wages due under a written
employment contract.  Prior to filing the
underlying action, Igal presented an administrative APayday Law@
claim  to the Texas Workforce Commission
(the Commission) regarding the same wages which are at issue in this
appeal.  See TEX. LAB. CODE ANN. ' 61.001 et seq. (Vernon 1996 &
Supp. 2004). After conducting several hearings, the Commission issued a final
decision denying Igal=s
wage claim.  See Sections 61.060
& 61.061.  Igal
did not pursue an appeal of the Commission=s
final decision as permitted by Section 61.062. 
Instead, he instituted this action to pursue common-law breach of
contract remedies against appellees.

Appellees moved for
summary judgment on two grounds in defense of Igal=s claims.  Appellees first
asserted that Igal=s
claims were barred by the Commission=s
prior decision under the holding in Holmans
v. Transource Polymers, Inc., 914 S.W.2d 189 (Tex.App. - Fort Worth 1995, writ den=d).  They also asserted that Igal
had failed to exhaust his administrative remedies.  The trial court granted appellees= motion for summary judgment on the
basis that A[Igal=s]
claims [were] barred by a prior decision of the Texas Workforce Commission.@ 
Igal attacks the trial court=s entry of summary judgment in a single
issue.  We affirm.








The movant
for summary judgment has the burden to show that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law. Nixon
v. Mr. Property Management Company, Inc., 690 S.W.2d 546, 548 (Tex.1985).
When deciding whether there is a disputed material fact issue precluding
summary judgment, the appellate court must take as true all evidence favorable
to the non-movant. 
Nixon v. Mr. Property Management Company, Inc., supra at 548-49.
The reviewing court must indulge every reasonable inference in favor of the
non-movant and resolve any doubts in its favor. Nixon
v. Mr. Property Management Company, Inc., supra at 549.

Igal
filed his administrative claim with the Commission on July 17, 2001. See
Section 61.051.  He asserted in the claim
that appellees terminated him without cause on
January 19, 2000.[1]  He sought the amount of $285,234.57 for
unpaid wages which he alleged were due from May 15, 2000, through January 31,
2001.[2]  The Commission issued a Apreliminary wage determination order@ on September 19, 2001, which dismissed
Igal=s
administrative claim.[3]  See Section 61.052. On October 5,
2001, Igal filed a request for a hearing to contest
the preliminary wage determination order. 
See Section 61.054. 
Hearings were conducted on Igal=s claim on November 27, 2001, December
27, 2001, and February 14, 2002.  The
commission issued its APAYDAY
LAW DECISION@ on
February 19, 2002.

The Commission determined
that Igal=s
administrative wage claim was not timely filed.[4]
Section 61.051(c) provides that A[a]
wage claim must be filed not later than the 180th day after the date the wages
claimed became due for payment.@  The Commission ruled that any wages owed to Igal would have been due more than 180 days prior to the
date that he filed his claim.  In
reaching this determination, the Commission made a finding that Igal was not terminated by appellees
without cause.  Instead, the Commission
found that appellees chose not to renew Igal=s
employment agree-ment.








The objective of the Texas Payday Act is to deter
employers from withholding wages by providing wage claimants an avenue for the
enforcement of wage claims, many of which would be too small to justify the
expense of a civil lawsuit. Wal‑Mart Stores, Inc. v. Lopez, 93
S.W.3d 548, 561 (Tex.App. ‑ Houston [14th
Dist.] 2002, no pet=n)(citing
Holmans v. Transource
Polymers, Inc., supra at 192). The Payday Act is not an employee=s sole and exclusive remedy for a claim
based on past wages but is rather an alternative remedy that is cumulative of
the common law.  See 11th Street Bingo
Association v. Simonson, No. 13-02-399-CV, 2004 WL 1117161, at *3 (Tex.App. ‑ Corpus Christi, May 20, 2004, no pet=n h.); Holmans
v. Transource Polymers, Inc., supra at 192‑93.


The claimant in Holmans
filed a common-law debt action against his employer to collect sales
commissions and expenses which he alleged were unpaid.  Holmans
v. Transource Polymers, Inc., supra at 190.  The claimant subsequently filed an
administrative wage claim with the Commission. 
Holmans v. Transource
Polymers, Inc., supra at 190.  The
preliminary wage determination order issued by the Commission determined that
the employer owed the claimant over $25,000 in unpaid commissions.  Holmans
v. Transource Polymers, Inc., supra at 190.  Prior to the Commission=s issuance of a final determination,
the claimant withdrew his administrative law claim in order to pursue a
common-law debt action. Holmans v. Transource Polymers, Inc., supra at 190. The employer
sought and obtained the dismissal of the claimant=s
common-law debt action based upon the claimant=s
failure to exhaust his administrative remedies under the Payday Law.  Holmans
v. Transource Polymers, Inc., supra at 190.

The employer in Holmans
argued on appeal that the administrative procedure provided by the Payday Law
was the exclusive remedy for the claimant to pursue his wage claim.  Holmans
v. Transource Polymers, Inc., supra at 190.  The court rejected this argument by holding
that the administrative remedy is an alternative remedy to a common-law debt
action.  Holmans
v. Transource Polymers, Inc., supra at
192-93.  The court stated as follows in
making its determination:

[W]e can only conclude the legislature intended the Payday Law to
be cumulative of the common law and stand as an alternative remedy a wage
claimant may seek. Should a claimant choose to file a claim under the
statute, utilize its remedial scheme, and appeal the final administrative
order, then the claimant is properly re- quired to
abide by the statute=s
provisions. We do not, however, construe the Payday Law as preempting a
claimant, such as appellant, from choosing to pursue his claim as a common‑law
action in the courts of this state. A claimant will ultimately have to choose
which remedy to accept; however, in the present case, [the claimant] withdrew
his claim from [the Commission] before becoming final and, therefore, chose
instead to pursue the remedies available to him at common law.  (Emphasis added)

 








Holmans v. Transource Polymers, Inc., supra at 193-94.

Unlike the claimant in Holmans,
Igal did not withdraw his administrative wage claim
prior to the Commission=s
issuance of its final determination.  Appellees cite Holmans for
the proposition that Igal cannot pursue a common-law
debt action after obtaining a final determination of his administrative claim
from the Commission.  Igal
responds to this contention by asserting that the Commission did not have
jurisdiction in light of its determination that he did not timely file his
claim.   He further contends that the
Commission=s
decision was void since the Commission did not have jurisdiction over his
claim.  See Blount v.
Metropolitan Life Insurance Company, 677 S.W.2d 565, 574 (Tex.App. - Austin 1984), rev=d on other grounds, 709 S.W.2d 646
(Tex.1986).  

The Thirteenth Court of Appeals recently addressed
a similar set of facts in Simonson. 
The claimant in Simonson initially filed an administrative wage
claim with the Commission.  11th
Street Bingo Association v. Simonson, supra at *1.  The Commission issued a preliminary wage
deter-mination order finding that the claimant was
not entitled to the wages which she claimed were unpaid because she was a
volunteer rather than an employee.  11th
Street Bingo Association v. Simonson, supra at *1.  The claimant contested the preliminary wage
determination by requesting a hearing.  11th
Street Bingo Association v. Simonson, supra at *1.  Upon considering the claimant=s contest, the Commission determined
that the claimant did not timely file her claim for wages.  11th Street Bingo Association v. Simonson,
supra at *1.  In its decision, the
Commission concluded that it did not Ahave
jurisdiction over the wages in question and the wage claim will be dismissed@ and affirmed the preliminary wage
determination order denying the claimant=s
claim.  11th Street Bingo Association
v. Simonson, supra at *1.

The claimant in Simonson subsequently filed
a common-law debt action in district court. 
11th Street Bingo Association v. Simonson, supra at *2.  Relying upon Holmans,
the court of appeals determined that the trial court did not have subject
matter jurisdiction to consider the claimant=s
claim because the claimant failed to exhaust her administrative remedies with
respect to the administrative wage claim. 
11th Street Bingo Association v. Simonson, supra at *2.  The court stated as follows:  








[B]y
initiating and proceeding with her administrative remedies under the statute,
[the claimant] chose to forego her common-law causes of action and elected the
alternative remedy provided by statute[.]...A party may not initially elect one
remedy and then choose the other remedy when dissatisfied with the first
result.  Had [the claimant] wanted to
pursue her common-law remedies, she was required to withdraw her claim with
[the Commission] before the [C]ommission=s decision became final.

 

[The claimant] argues that an unsuccessful attempt
at obtaining relief through [the Commission] is equivalent to not pursuing an
administrative remedy.  We disagree.  If [the claimant=s]
argument prevailed, then a party would be able to pursue both an administrative
remedy and a common law remedy as long as one pursuit was unsuccessful.  However, the law allows a choice between the
two remedies but prohibits pursuing both actions.  (Citations omitted)

 

11th Street Bingo Association v. Simonson,
supra at *3.

Justice Castillo filed a dissenting opinion in Simonson.  11th Street Bingo Association v. Simonson,
supra at *3-4.  She concluded that
the election of remedies doctrine did not apply because the claimant did not
obtain a recovery from the Commission.  11th
Street Bingo Association v. Simonson, supra at *3-4.  Justice Castillo based her conclusion on the
Commission=s statement
that it did not have jurisdiction to consider the claimant=s untimely filed claim.  11th Street Bingo Association v. Simonson,
supra at *4.

We agree with the majority=s
reasoning in Simonson.  A claimant
in Igal=s
position should not be permitted to obtain a final determination from the
Commission and then be permitted to pursue a common-law claim because the
administrative claim was unsuccessful. 
The doctrine of res judicata
prevents parties and their privies from re-litigating a claim with a final
adjudication from a competent tribunal.  Ingersoll-Rand Company v. Valero Energy
Corporation, 997 S.W.2d 203, 206-07 (Tex.1999). The rationale supporting
the doctrine is to prevent splitting claims, thus curbing vexatious litigation
and promoting judicial economy. Ingersoll-Rand Company v. Valero Energy
Corporation, supra at 206-07.








In order for the doctrine of res
judicata to be applicable, the first tribunal must be
one of competent jurisdiction.   Ingersoll-Rand
Company v. Valero Energy Corporation, supra at 206-07. We disagree with Igal=s
contention that the Commission did not have subject-matter jurisdiction to
consider his administrative wage claim. 
We acknowledge that the Commission expressly stated in its final
determination that it did not have jurisdiction to consider Igal=s claim because it was not timely
filed.  Irrespective of the Commission=s Ano
jurisdiction@
statement, the untimeliness of an administrative wage
claim is not a component of the Commission=s
subject-matter jurisdiction.   The Labor
Code vests the Commission with jurisdiction to consider claims of Texas
employees for unpaid wages.  The
parameters of the Commission=s
subject-matter jurisdiction over wage claims is outlined in 40 TEX. ADMIN. CODE
' 821.3 (1998) (Texas Workforce
Commission, Jurisdiction):

Section
821.3.  Jurisdiction

 

(a)
The Commission shall exercise jurisdiction over wage claims in which:

 

(1)
the work is performed exclusively in Texas;

 

(2)
the work is performed in part in Texas and in part in other states within the
United States and where the wages would be reportable to Texas for Unemployment
Insurance purposes pursuant to Texas Labor Code '
201.043; or

 

(3)
the work is performed by an individual who is a Texas resident at the time the
work is performed and the work is performed outside Texas for a Texas employer
or a non‑resident employer over whom Texas exercises jurisdiction
pursuant to subsection (b) of this section.

 

(b)
The Commission shall exercise jurisdiction over a non‑resident employer
pursuant to the Texas Civil Practice & Remedies Code, Chapter 17,
Subchapter C, also known as the ATexas
Long‑Arm Statute,@
when all three of the following are met:

 

(1)
the employer purposely does some act or consummates some transaction in Texas;

 

(2)
the wage claim arises from the employer=s
act or the employer=s contact
with Texas is continuing and systematic; and

 

(3)
exercising jurisdiction is consistent with:

 

(A)
fair play and justice as determined by the quality, nature and extent of the
employer=s
activities in Texas including the extent to which the employer avails itself of
the benefits and protections of Texas law; and

 

(B)
the relative convenience of the parties.

 








(c)
The Commission shall not exercise jurisdiction over wage claims to the extent
the wages are for work performed outside the United States.

 

In spite of its Ano
jurisdiction” statement, the Commission issued a final decision on the merits
with respect to Igal=s
claim.  Harrison v. Gemdrill International, Inc., 981 S.W.2d 714, 716-17 (Tex.App. - Houston [1st Dist.] 1998, pet=n den=d),
involved a situation wherein the Commission actually did not have subject
matter jurisdiction because the wages which were sought in the claim were
earned in a foreign country.  See
Section 821.3(c). The Commission in Harrison dismissed the claim for
want of jurisdiction and voided its previous decision when it determined that
it lacked subject matter jurisdiction to consider the claim.  The Commission did not do either of these
acts with respect to Igal=s
claim.  Igal=s sole issue on appeal is overruled.

The judgment of the trial
court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

June 30, 2004

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]BRBA,
Inc. was Igal=s
original employer.  Brightstar
Information Technology Group, Inc. subsequently acquired 100 percent of BRBA,
Inc.=s stock.  The
Commission determined that BRBA, Inc. and Brightstar
Information Technology Group, Inc. were co-employers of Igal.





     [2]Appellees continued to pay Igal
from January 2000 through April 2000.





     [3]The
record neither contains a copy of the preliminary wage determination order nor
indicates the basis upon which the Commission denied Igal=s claim at the preliminary stage.





     [4]Each
of the three hearing notices issued by the Commission advised the parties that Atimeliness is an issue in this case.@