Affirmed and Memorandum Opinion
filed February 9, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00566-CV



IlIas Giannakopoulos, Appellant 

v.

Bill Eris, Appellee 



On Appeal from
the 295th District Court

Harris County, Texas

Trial Court
Cause No. 2005-75228



 

MEMORANDUM OPINION 

This is an appeal from the trial court’s award of
attorney’s fees on a breach-of-contract claim.  Appellant Ilias Giannakopoulos
contends that the trial court erred in awarding attorney’s fees to appellee
Bill Eris because (1) Eris’s attorney failed to properly notice and present a
claim for such fees, (2) Giannakopoulos paid the demanded amount within thirty
days after the claim was presented, and (3) the award is excessive in relation
to the actual damages awarded.  We affirm.




I

Giannakopoulos and Eris jointly purchased three
adjacent parcels of real estate located at 311, 315, and 319 West Gray in
Houston.  They operated a business at 315 West Gray and used the other two lots
for parking.  In June 2003, Giannakopoulos and Eris transferred their interests
in the property to a corporation, H.G.B.E., Inc.  Giannakopoulos and Eris each
owned fifty percent of H.G.B.E.’s shares.  

In 2003, Giannakopoulos and Eris entered into an
agreement titled “AGREEMENT FOR USE OF 315 WEST GRAY” (the “contract”).  Under
the contract, Giannakopoulos agreed to allow Eris to run the business and to
have all the proceeds from the business for three years.  Eris agreed to pay
all the expenses related to the business and to pay $1,000 per month to H.G.B.E.
to be used to pay real-estate taxes on the property.  Giannakopoulos and Eris
further agreed that any additional property taxes owed were to be paid to
H.G.B.E. “on a 50-50 basis.”  H.G.B.E.’s only bank account was an account in
Eris’s and Giannakopoulos’s names, and Eris deposited the money for the
property taxes on the lots into this account.  Eris subsequently paid the full
amount of the property taxes owed on the lots for 2004, 2005, and 2006, even
though the taxes for each year exceeded the amounts he had deposited in the
account for this purpose. 

In 2005, Eris filed suit against Giannakopoulos,
seeking to partition or sell the property, and requesting reimbursement for
property taxes paid.  A jury found that Giannakopoulos had breached the parties’
contract and awarded damages of $3,941.90, representing Giannakopoulos’s share
of the property taxes owed.  The jury also awarded to Eris $64,684.94 in
attorney’s fees.  The trial court reduced the attorney’s fee award to
$32,342.47, the amount Eris’s attorney testified was expended on the breach-of-contract
claim.  This appeal followed.[1]




II

In his first issue, Giannakopoulos contends the trial
court erred in awarding attorney’s fees to Eris because Eris’s attorney failed
to properly notice and present a claim under Chapter 38 of the Texas Civil
Practice and Remedies Code.  Specifically, Giannakopoulos contends Eris’s
attorney failed to plead and prove that all conditions precedent had been met,
and his demand letter did not satisfy Chapter 38 because it did not give Giannakopoulos
thirty days to pay the amount demanded.  Whether a party is entitled to recover
attorney’s fees is a question of law for the court; the amount to be awarded is
a question for the trier of fact.  See Holland v. Wal-Mart Stores, Inc.,
1 S.W.3d 91, 94 (Tex. 1999) (per curiam).  In the absence of findings of fact
and conclusions of law, we will imply all findings necessary to the court’s
judgment so long as the record supports them.  Vickery v. Comm’n for Lawyer
Discipline, 5 S.W.3d 241, 251–52 (Tex. App.—Houston [14th Dist.] 1999, pet.
denied).

Section 38.001 provides that a person may recover
reasonable attorney’s fees on a claim based on an oral or written contract. 
Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 2008).  To recover
attorney’s fees, the claimant must comply with the following requirements of
section 38.002:  (1) the claimant must be represented by an attorney; (2) the
claimant must present the claim to the opposing party or to a duly authorized
agent of the opposing party; and (3) payment for the just amount owed must not
have been tendered within thirty days of presentment.  Id. § 38.002 (Vernon
2008). Presentment of the claim is required to provide the other party with an
opportunity to pay the claim before incurring an obligation for attorney’s
fees.  Jones v. Kelley, 614 S.W.2d 95, 100 (Tex. 1981).  No particular
form of presentment is required.  France v. Am. Indem. Co., 648 S.W.2d
283, 286 (Tex. 1983); Harrison v. Gemdrill Int’l, Inc., 981 S.W.2d 714,
719 (Tex. App.—Houston [1st Dist.] 1998, pet. denied).  All that is necessary
is that a party show that its assertion of a debt or claim and a request for
compliance was made to the opposing party, and the opposing party refused to
pay the claim.  Standard Constructors, Inc. v. Chevron Chem. Co., 101
S.W.3d 619, 627 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

It is undisputed that Eris pleaded for recovery of
his attorney’s fees pursuant to Texas Civil Practice and Remedies Code section
38.001.  Giannakopoulos complains, however, that Eris is not entitled to
attorney’s fees because he failed to plead that “all conditions precedent have
been performed or have occurred.”  See Tex. R. Civ. P. 54.  But the failure
to plead that all conditions precedent have been met does not preclude an award
of attorney’s fees; it merely requires the claimant to prove the requirements
of section 38.002.  See Wingate v. Acree, No. 14-01-00851-CV, 2003 WL
1922569, at *6 (Tex. App.—Houston [14th Dist.] Apr. 24, 2003, no pet.) (mem.
op.); Cook Composites, Inc. v. Westlake Styrene Corp., 15 S.W.3d 124,
138 (Tex. App.—Houston [14th Dist.] 2000, pet. dism’d); see also Grimm
v. Grimm, 864 S.W.2d 160, 162 (Tex. App.—Houston [14th Dist.] 1993, no
writ) (explaining generally that when a plaintiff fails to plead performance of
conditions precedent she may nevertheless obtain judgment on her claim if she
proves all essential elements of the claim, including the performance of any
conditions precedent).  Therefore, Eris’s failure to plead that all conditions
precedent have been met will not preclude an award of attorney’s fees if he
proved that he complied with the requirements of section 38.002.

Giannakopoulos contends, however, that Eris failed to
show that he made a proper demand on him.  He also contends that Eris’s demand
letter failed to satisfy the requirements of Chapter 38 because it did not give
Giannakopoulos thirty days to pay the amount demanded, but rather demanded
payment in three days.  We disagree.

At trial, Eris testified that he asked Giannakopoulos
to pay his fifty percent of the additional property taxes, but Giannakopoulos
refused and told Eris that he would have to pay the taxes.  Oral presentment of
a claim is sufficient to satisfy the presentment requirement; it is not necessary
for a party to present a claim in writing.  Jones, 614 S.W.2d at 100; Harrison,
982 S.W.2d at 719.  Further, on January 26, 2007, Eris’s attorney sent a letter
to Giannakopoulos’s attorney demanding that Giannakopoulos pay his fifty
percent of the excess taxes for 2006 ($3,280.52) as the contract provided. 
Although the letter demanded payment by January 30, 2007, we nevertheless conclude
it is adequate to show presentment.  See Harrison, 981 S.W.2d at 719
(holding employee’s oral demand for payment “when he got through with his
two-week tour” satisfied presentment requirement); Carr v. Austin Forty,
744 S.W.2d 267, 271 (Tex. App.—Austin 1987, writ denied) (holding letter
requesting payment at unspecified time satisfied presentment requirement).  Therefore,
Eris’s oral and written requests for payment adequately presented Eris’s claim
for purposes of section 38.002.  We overrule Giannakopoulos’s first issue.

III

In his second issue, Giannakopoulos contends the
trial court erred in awarding attorney’s fees to Eris because he paid the
demanded amount within thirty days of presentment.  See Tex. Civ. Prac.
& Rem. Code Ann. § 38.002(3); Staff Indus., Inc. v. Hallmark
Contracting, Inc., 846 S.W.2d 542, 548–49 (Tex. App.—Corpus Christi 1993,
no writ).  Specifically, Giannakopoulos asserts that the January 26 demand
letter requested payment of $3,280.52, representing his share of the property
taxes owed for 2006, and “it is undisputed” that he paid the taxes directly to
the Harris County tax assessor by January 31, 2007.[2]  Giannakopoulos
contends Eris has failed to prove that he breached any contract by tendering
the taxes to the tax assessor’s office instead of Eris, and furthermore, the
contract does not provide for Giannakopoulos to tender payment to Eris.  Giannakopoulos
also asserts that “the goal of the contract” was not jeopardized by his timely
payment of the property taxes directly to the tax assessor, and therefore Eris
is not entitled to any attorney’s fees.

To the extent Giannakopoulos argues that Eris is not
entitled to attorney’s fees because he failed to prove the contract was
breached, this argument is waived because the jury found that Giannakopoulos
did breach the contract, and Giannakopoulos does not challenge this finding.  Further,
it is undisputed that Eris paid all of the taxes due on the lots for the years
2004, 2005, and 2006, and Giannakopoulos did not reimburse Eris for any portion
he owed under the contract for those years.  And, Giannakopoulos does not
contend he ever paid any part of the 2004 or 2005 taxes to either Eris or the
tax assessor’s office.  

Further, Giannakopoulos provides no authority to
support his contention that his payment of his portion of the 2006 taxes
directly to the tax assessor precludes Eris’s recovery of his attorney’s fees.[3]  Eris
demanded that the taxes owed be paid to him, not the tax assessor, as Eris had
already paid the tax assessor.  Moreover, the purpose of the contract’s provision
that “[a]ny additional taxes owed shall be paid to H.G.B.E., Inc. on a 50-50
basis” by Eris and Giannakopoulos was to ensure that any additional tax burden
would be shared equally.  Eris testified that he paid the excess taxes for 2006
out of his personal account.  Giannakopoulos did not reimburse Eris for paying his
half of that amount, nor did he reimburse Eris for his half of the excess
property taxes for 2004 or 2005.  Thus, Eris incurred damages that remained
unpaid at the time of the judgment.  See Tex. Civ. Prac. & Rem. Code
Ann. § 38.002(3).  On these facts, we are not persuaded that the “goal” of the
contract was fulfilled by Giannakopoulos’s payment to the tax assessor rather
than to Eris.  

Giannakopoulos also argues that he could not have
paid the money to H.G.B.E. because at the time Eris demanded payment the corporation
was inactive, and an “inactive corporation cannot tender payments on its
behalf.”  Giannakopoulos cites no authority to support this cursory argument. 
By failing to brief this issue, Giannakopoulos has waived it.  See Tex.
R. App. P. 38.1(i); Nguyen v. Kosnoski, 93 S.W.3d 186, 188 (Tex.
App.—Houston [14th Dist.] 2002, no pet.).  In any event, the contract was
between Eris and Giannakopoulos individually, and the Harris County Appraisal
District’s account for the lots was in Eris’s and Giannakopoulos’s names, as
was the corporation’s bank account.  Thus, H.G.B.E.’s status or ability to
tender payment is irrelevant.  We therefore overrule Giannakopoulos’s second
issue.

IV

In his third issue, Giannakopoulos contends the trial
court erred in awarding $32,342.47 in attorney’s fees to Eris, because “such an
award is disproportionate to and excessive in relation to the $3,941.00 actual
damages awarded.”  To support this argument, Giannakopoulos again argues that
in awarding attorney’s fees, the trial court failed to consider his testimony
that he had timely tendered his portion of the property taxes to the tax
assessor.  He also argues that Eris’s attorney’s fees were “unnecessarily
incurred” because Eris failed to bring forth any other claim that would entitle
him to attorney’s fees or reimbursement of maintenance expenses Eris allegedly
paid.[4] 
Giannakopoulos provides no authority, however, to support his contention that
the award of attorney’s fees was excessive in relation to the amount of the
judgment.  Therefore, we conclude Giannakopoulos has waived this argument on
appeal.  See Tex. R. App. P. 38.1(i); Nguyen, 93 S.W.3d at 188; see
also In re C.Z.B., 151 S.W.3d 627, 635 (Tex. App.—San Antonio 2004,
no pet.) (holding party waived issue on appeal because his brief did not
contain any authority in support of his argument regarding unreasonable and
excessive attorney’s fees).  

*  *  *

            We overrule Giannakopoulos’s issues and
affirm the trial court’s judgment.

 

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Frost,
and Brown.









[1]
Both parties filed notices of appeal, but Eris did not file a brief urging any
issues on his behalf.  On January 15, 2010, Eris moved to dismiss his appeal. 
We grant the motion.





[2]
Although it is undisputed that Giannakopoulos paid some amount directly to the
tax assessor, Giannakopoulos does not direct us to any evidence in the record
that he paid the taxes by January 31, 2007, and we have found no testimony or
exhibits in the record supporting this representation.





[3]
Giannakopoulos cites Texas Civil Practice and Remedies Code section 38.002(3)
and two cases for the general proposition that payment within thirty days after
the claim is presented precludes liability for attorney’s fees.  See Ellis v.
Waldrop, 656 S.W.2d 902, 905 (Tex. 1983); Staff Indus., Inc., 846
S.W.2d at 549.  Neither case, however, is analogous to this case.  In Ellis,
the supreme court held that the defendant in a declaratory-judgment action who
had no obligation to act under a right-of-first-refusal agreement was not
liable for attorney’s fees under the predecessor statute to section 38.001
because an essential element to recovery under the statute was the existence of
a duty or obligation the party failed to meet.  See 656 S.W.2d at 905. 
In Staff Industries, the Corpus Christi court of appeals held that a
general contractor’s conditional tender of payment as a settlement offer did
not defeat the subcontractor’s claim for attorney’s fees, explaining that for
purposes of section 38.002, a tender must be an unconditional offer by the
debtor to pay a sum not less than that due to the creditor.  See 846
S.W.2d at 548–49.  Here, Giannakopoulos does not contend that he had no
obligation to pay under the contract or that he made an unconditional tender to
Eris of the full amount owed. 





[4]
As we have already discussed, Giannakopoulos does not appeal the jury’s finding
that he breached the contract with Eris; therefore, whether Eris asserted other
claims that would support an award of attorney’s fees is irrelevant.