**R. C. CHILDRESS et al., Appellants,**

v.

**O. B. SILER, Appellee.**

No. 3215.

Court of Civil Appeals of Texas.

Waco.

Oct. 28, 1954.

Rehearing Denied Nov. 18, 1954.

Dodson & Reagan, Marlin, for appellants.

Robert G. Carter, Marlin, for appellee.

## McDONALD, Chief Justice.

This is a suit by Siler against Childress for damages resulting from the failure of title to an oil and gas lease assigned to Siler by Childress. On *21 November 1950* a Mrs. Lizzie Vehon et al. executed an oil and gas lease on a tract of land in Falls County to Childress, which lease provided that unless a well was spudded and drilling operations commenced on the property on or before 90 days from its date, that the lease would become null and void. On *30 March 1951*, 40 days after the 90 days had expired, Mrs. Vehon et al. filed suit against Childress in trespass to try title, alleging that the lease was null and void because no well was spudded nor drilling operations commenced on the tract within the 90-day period. On *23 April 1951* Childress execut-ed an assignment of the lease to Siler and received therefor $5,000. On *23 April 1951* Childress did not know that suit was filed to cancel the lease but had heard that some question was being raised about the validity of the lease and that suit was to be filed to cancel same. Childress was thereafter on 27 April 1951 served with citation in Mrs. Vehon's suit to cancel the lease. On 8 May 1951 Siler was made a party defendant in Mrs. Vehon's suit, and on 18 July 1951 judgment of the District Court of Falls County was rendered cancelling the lease and awarding title and possession of the land to Mrs. Vehon. Siler thereafter instituted this suit against Childress to recover back his $5,000 paid to Childress for the lease to which title had failed.

The assignment of the lease from Childress to Siler contains this language: *"and * * * (Childress) does covenant with (Siler) that he is the lawful owner of the said lease and rights and interests thereunder * * *; that (Childress) has good right and authority to sell and convey the same, and that said rights, interests and property are free and clear from all liens and incumbrances, and that all rentals and royalties due and payable thereunder have been duly paid."*

At the conclusion of the testimony the Trial Court withdrew the case from the jury and rendered judgment for Siler against Childress for $5,000.

Childress appeals to this court on 6 points, but which present only 3 basic contentions: 1) That the Trial Court erred in giving the covenants in the assignment the force and effect of a general warranty, and that said covenants are not sufficient to constitute a warranty against a claim that is not an outstanding title to said lease in a third person; 2) That the assignment of the lease involved had no further force and effect than a quitclaim assignment; and 3) That one J. C. Jones was an agent of Siler and that Jones had notice of some defect in the title prior to the time of the assignment, which notice was chargeable to Siler.

The determination of this case and of Childress' first basic contention involves the construction of the language contained in the assignment from Childress to Siler and of the covenants therein contained; or, stated in another way, it involves an examination of the assignment to see just what Childress promised Siler with reference to the lease assigned.

An examination of the assignment reveals that it covenanted or promised that the seller was the *lawful owner of the lease and rights and interests thereunder and that the seller had good right and authority to sell and convey the same.*

██ It is our view that the language of the assignment, viz.: *"and (Childress) does covenant * * * that he is the lawful owner of the said lease and rights and interests thereunder * * * that (Childress) has good right and authority to sell and convey the same * * *"* amount to covenants of seizin and of good right to convey. Further, the covenants of seizin and of good right to convey are synonymous, and in the absence of any qualifying expressions (none of which are contained in the assignment under examination), are read into every conveyance of land or an interest in land, except in quitclaim deeds. These covenants apply to leases of land for oil and gas. 12 Tex.Jur. p. 14, Sec. 7. The covenant of seizin or good right to convey operates in the present, and is breached by the grantor at the time the instrument is made if he does not own the estate in the land he undertakes to convey. See 14 Am. Jur., pp. 525, 526, 540, 560, 561; 12 Tex. Jur. p. 19; p. 39; p. 69; Fender v. Farr, Tex.Civ.App., 262 S.W.2d 539, and authorities therein collated. In the case at bar it is without dispute that at the time Childress made the assignment to Siler he had no title to the oil and gas lease. It had reverted to the Vehons upon the failure of Childress to commence drilling operations within the 90-day period prescribed by its terms. The measure of damages for breach of the covenant of seizin where there is a total failure of title is the purchase money paid, or the value of the consideration paid, with interest. 21 C.J.S., Covenants, § 143, p. 1016. The undisputed facts show a breach of the covenants of seizin and good right to convey contained in the assignment from Childress to Siler.

██ The Trial Court's giving effect to the operation and breach of the covenants of seizin and of good right to convey does not in anywise involve giving them the force and effect of covenants of general warranty. Covenants of seizin and of good right to convey operate as above set forth and are personal between grantor and grantee; while the covenant of general warranty is a separate and distinct covenant, and is a covenant which runs with the land itself.

██ Childress' second basic contention is to the effect that the assignment of the lease involved in this case had no further force and effect than a quitclaim assignment. A quitclaim is an instrument which purports to transfer only the "right, title and interest" of the grantor, as distinguished from other types of deeds or assignments which evidence an intention on the part of the grantor to convey the property itself. A covenant in a deed or assignment to the effect (as in the case at bar) that (Childress) "has good right and authority to sell and convey the same" evidences the intention on the part of Childress to convey the lease itself and not merely the grantor's title and interest therein. Whenever covenants of seizin or good right to convey are contained in a deed or lease or assignment of a lease they import an intention on the part of the grantor to do more than give a quitclaim; they import an intention to convey the land or the described interest in the land itself. See: Elmore v. Saulnier, Tex.Civ.App., 233 S.W. 1003, W/E refused; Peck v. Hensley, 20 Tex. 673.

██ Childress' third basic contention involves the proposition that a man by the name of J. C. Jones was the agent of Siler, and that Jones had notice of some defect in the title at the time of and prior to the assignment of the lease by Childress to

Siler. We have examined the statement of facts very carefully and find that the Trial Court's holding that J. C. Jones was not the agent of Siler is amply sustained by the record. Further, it is our view that an actual communication of some defect in the title to the lease, made by Childress to Siler (which did not occur), prior to the execution of the assignment would have been immaterial in view of the covenants of seizin and good right to convey, contained in the written assignment.

None of Childress' points nor the contentions made thereunder present reversible error, for which reason the judgment of the Trial Court is affirmed.