**Louis JOHNS, Appellant,**

**v.**

**KARAM DEVELOPMENT, INC.,
a corporation, Appellee.**

**No. 5633.**

Court of Civil Appeals of Texas.

El Paso.

July 22, 1964.

Rehearing Denied Aug. 26, 1964.

Frank Hart, Albert Armendariz, El Paso, for appellant.

Lipscomb, Fisk & Cox, El Paso, for appellee.

CLAYTON, Justice.

Appellee filed suit against appellant for breach of warranties contained in assignments by appellant to appellee of two oil and gas leases. The first assignment, dated April 1, 1958, related to a percentage of oil and gas produced on property described as the West one-half (W½), Southwest Quarter (SW¼), Section Thirty-three (Sec. 33), Township Two North (T2N), Range Ten West (R10W), Comanche County, Oklahoma. This assignment contains the recitals: "* * * the said lease and all rights thereunder or incident thereto are now owned by LOUIS JOHNS" (appellant), and the further covenant that "the lawful owner of said lease and rights and interest thereunder * * * has good right and authority to sell and convey the same", together with the customary language of conveyance. The assignment also recites that "the above described lease now has four (4) producing well * * *." This assignment will hereinafter be referred to as the assignment of the "four-well lease". Contemporaneously with the above assignment, under date of April 11, 1958, appellant wrote appellee a letter which, after describing the above interest and property transferred, stated:

"this is to advise you that I do hereby guarantee that all four wells are presently producing.

"I do further hereby guarantee and warrant that I am the lawful owner and holder of the aforementioned right and interest under the original lease."

Appellee paid appellant $6,000.00 for this assignment.

On May 20, 1958 appellant executed to appellee another assignment of an oil and gas lease covering a working interest in another property in Comanche County, Oklahoma. This assignment, which will hereinafter be referred to as the assignment of the "one-well lease", contains substantially the same recitations of ownership, right to sell and of conveyance as the "four-well lease". By letter dated May 22, 1958 from appellant to appellee, the former wrote "* * * this is to advise you that I do hereby guarantee that there is a producing well on said lease", and further guaranteed ownership of the right and interest assigned.

Although the record later showed that appellee paid appellant $1250.00 for this assignment, appellee had alleged payment of only $1200.00 and the subsequent judgment of the court limited appellee's recovery under this assignment to the lesser amount.

On March 26, 1959 appellee filed suit against appellant for damages for breach by the appellant of the warranties contained in the assignments and letters outlined above.

Trial was to a jury. Both at the time of the trial and in his answers to Request for Admissions given before the trial, appellant acknowledged receipt of the respective sums paid for the two assignments, and also admitted that he did not have title to or any leasehold interest in the property described in the assignment and letter covering the "four-well lease", there apparently having occurred a mistake in the description of the property involved in this assignment. On October 19, 1960 appellant tendered into court what was intended to be a corrected assignment which was refused by appellee.

In answer to special issues, the jury found that appellant had agreed to guarantee the assignment to appellee of the "four-well lease" as set out in the assignment of April 1, 1958 and the letter of April 11, 1958, and that such wells were producing wells. (Questions Nos. 1 and 2). In answer to Questions Nos. 3 and 4 the jury found that appellant agreed to guarantee the assignment to appellee of the "one-well lease", but that the well was not a producing well. In answer to Question No. 5 the jury found that appellant owned the leasehold interest described in the assignment and letter concerning the "one-well lease". No similar issue as to ownership of the "four-well lease" was submitted to the jury, since there was nothing in the record to dispute the fact that the appellant did not have title to nor any leasehold interest in the property described in that assignment. Question No. 6 was conditioned upon a negative answer to Question No. 1, and was therefore unanswered. The seventh special issue reads as follows:

"QUESTION NO. 7.

"What sum of money, if any, do you find from a preponderance of the evidence, that the plaintiff, Karam Development Company suffered in damages, if any, in the failure, if any, of the defendant, Louis Johns, to deliver an oil and gas assignment of four producing wells, as set forth in the assignment of lease dated April 1, 1958, if you have so found he did not? Answer in dollars and cents, if any.

"In this connection you are instructed that in considering the damages, if any, you may take into consideration the purchase price of the leasehold interest paid by the plaintiff to the defendant, and any reasonable operating expense of the plaintiff in connection therewith."

The jury's answer was "None".

Question No. 8 was identical, in all important respects, with Question No. 7 except that it was confined to "a producing well, as set forth in the letter dated May 22, 1958", if the jury had found that there was not a producing well thereon. To this question the jury answered "$1250.00" (which was $50.00 more than was pleaded).

Based upon these answers the court entered judgment for appellee in the amount of $7,200.00, the judgment reciting:

" * * * the Plaintiff thereafter having filed its motion for judgment in the amount of $1,250.00 based on the findings of the jury with respect to Special Issues Nos. 3, 4 and 8, and for judgment for damages in the amount of $6,000.00, based on the pleadings, evidence and law relating to the defendant's breach of covenant of ownership and right to convey as set forth in the lease assignment dated April 1, 1958, and related letter agreement of April

11, 1958; and the court having heard and considered said motion and finding that the defendant, Louis Johns, did not own or have any title to the property described in the lease assignment dated April 1, 1958 at the time of the assignment or thereafter, and that as a matter of law the covenant of ownership and right to convey contained in said assignment was breached by reason of failure of title; the court is of the opinion that plaintiff's motion for judgment in the foregoing matters should be granted for said sum of $6,000.00 and for the sum of $1,200.00 instead of $1,250.00, by reason of plaintiff's pleading the sum of $1,200.00 damages only on this item, for a total sum of $7,200.00 * * *."

■ Appellant's first six points of error are directed to the court's judgment relative to the "four-well" assignment. Appellant's position is that the jury's answer to Question No. 7 disposed of appellee's cause of action under this assignment and that appellant's motion for judgment and the court's action in granting the motion was in effect a motion and judgment notwithstanding this answer. It occurs to us that the issue in Question No. 7 might have been omitted from the charge. The language appellant used in his assignment of the "four-well" lease and in the contemporary letter relative to the assignment amounted to covenants of seizin and of good right to convey. Yet the uncontradicted evidence established the appellant had no title or interest in the property described in this assignment at the time it was executed. Since appellant did not own the estate he undertook to convey, there was a total failure of title which breached the covenants of seizin and good right to convey at the time the instrument was made. Childress v. Siler, 272 S.W.2d 417 (Civ.App., 1954; ref., n. r. e.). The measure of damages for such breach is the purchase money paid, or the value of the consideration paid, with interest. Childress v. Siler, supra. The court recognized this when he omitted any issue regarding ownership of the "four-well" assignment and when he granted judgment to appellee in the amount of $6,000.00 as damages for failure of title in this assignment. Therefore Question 7 must have been an inquiry on the question of damages for breach of the covenant that the wells were producing wells, had the jury found in answer to Question No. 2 that the wells were not producing. The jury presumably answered that there were no damages in reply to Question No. 7, since it had already found that the four wells were producing. But, since the trial court must have already decided that appellee was entitled to recover as a matter of law on one theory of its case (to-wit, failure of title), it occurs to us that the question of damages on an alternate theory would have been immaterial, and Questions Nos. 2 and 7 were therefore unnecessary to the judgment on the "four-well" assignment. The judgment as entered was not a judgment N.O.V., and the answers to Questions 2 and 7 did not dispose of appellee's cause of action under the "four-well" assignment.

■ We believe that what has been said effectively disposes of the complaints contained in appellant's first six points of error. His seventh point asserts that the court erred in submitting Question No. 4 to the jury. This is the issue to which the jury answered that the well referred to in the letter of May 22, 1958 relative to the "one-well lease" was not a producing well. The record is devoid of any showing that there was an objection by appellant to the submission of Question No. 4, or any other issue, and, absent such an objection in writing presented to the court before the charge was read to the jury, the objection must be considered as waived. Rule 272, T.R.C.P. This seventh point also ascribes as error the court's refusal of appellant's motion for judgment non obstante veredicto in the "one-well" case based upon no evidence or insufficient evidence for the submission of Question No. 4. Passing over what may be considered a violation of the

briefing rules, this complaint may be disposed of by stating that the jury's finding under this issue has support in the evidence.

The foregoing disposes of all appellant's points of error. They, and appellee's single cross-assignment, are overruled.

Finding no error in the record, the judgment of the trial court is affirmed.