**Ruby MORRIS d/b/a M & M Bailbonding Service, Appellant**

v.

**STATE of Texas, Appellee.**

No. 11–94–166–CV.

Court of Appeals of Texas,
Eastland.

Nov. 16, 1995.

Rehearing Overruled Feb. 1, 1996.

Carmen Elaine Eiker, Midland, for appellant.

Dana Cooley, District Attorney, Snyder, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

OPINION

WRIGHT, Justice.

This is a bail bond forfeiture case. On August 19, 1994, the Presiding Judge of the Seventh Administrative Judicial Region assigned Retired Judge Curt F. Steib to the 132nd Judicial District Court of Scurry County "[t]o hear all matters coming before the [132nd District Court]." The assignment was for a period of one week beginning on August 21, 1994. This case was set for trial beginning on Monday, August 22, 1994. Following a trial to the jury, the trial court entered judgment for the State in accordance with the jury's verdict. Ruby Morris d/b/a M & M Bailbonding Service appeals. We affirm.

In her first point of error, appellant contends that the trial court erred in proceeding to trial because appellant timely objected to the assignment of the visiting judge. We disagree.

TEX.GOV'T CODE ANN. § 74.053 (Vernon Supp.1995) provides:

(a) When a judge is assigned under this chapter the presiding judge shall, *if it is reasonable and practicable and if time permits,* give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b) If a party to a civil case files a *timely objection* to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section *must be filed before the first hearing or trial, including pretrial hearings,* over which the assigned judge is to preside.

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice. (Emphasis added)

The docket sheet entry from August 22, 1994, reflects: "8:35 a.m. Pretrial hearing in

chambers." The docket sheet further reflects that, after the above-noted proceedings, appellant objected to the assigned judge for the first time. Appellant's objection was untimely since it was not made "before the first hearing or trial, including pretrial hearings." Appellant's first point of error is overruled.

In her second point, appellant complains that she was not given adequate notice of the assignment of the visiting judge. Notice is to be provided if it is reasonable and practicable to do so and if time permits. Section 74.053(a). The transcript reflects that the visiting judge was appointed on Friday, August 19, 1994. The present case was called for trial the following Monday. Appellant fails to bring forward evidence showing that it would have been reasonable and practicable to give her attorney notice of the assignment or that time permitted an earlier notification. See *Turk v. First National Bank of West University Place*, 802 S.W.2d 264, 265 (Tex.App.—Houston [1st Dist.] 1990, writ den'd); *Money v. Jones*, 766 S.W.2d 307, 308 (Tex.App.—Dallas 1989, writ den'd). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.