11th Court of Appeals

 Eastland, Texas

            Opinion

 

Frank Reyes

Appellant

Vs.       No. 11-00-00391-CV B Appeal from Nolan County

Ruby Booth

Appellee

 

This case
involves the breach of the covenant of seisin. 
In a nonjury case, the trial court rendered judgment in favor of Ruby
Booth against Frank Reyes for $9,000 plus attorney=s fees. 
Reyes appeals.  We affirm in part
and reverse and render in part.

In its
findings of fact, the trial court found that Booth agreed to purchase the
property located at 211 East New Mexico in Sweetwater from Reyes.  The consideration agreed to by the parties
was the sum of $20,000.  Booth paid
$9,000 in cash and conveyed a home located at 106 Patterson in Sweetwater to
Reyes.  Reyes executed a general
warranty deed purporting to convey all of Lot No. 12, Block No. 22.  Because of a scrivener=s error, the deed from Reyes should have
described the property as Block 23 instead of Block 22.  The intent of the parties was that Reyes was
to convey the property located at 211 East New Mexico to Booth.  Reyes only owned an undivided one-half
interest in the property.  The other
undivided one-half interest was held in a testamentary trust created by Michael
Eugene Schulze.

Booth does
not rely upon a breach of the expressed general warranty in the deed because
there has been no actual or constructive eviction of Booth by paramount
title.  See Schneider v. Lipscomb County
Nat. Farm Loan Ass=n, 202
S.W.2d 832, 834 (Tex.1947).








In
Childress v. Siler, 272 S.W.2d 417, 420, (Tex.Civ.App. - Waco 1954, writ ref=d n.r.e.), the court held that the covenant
of seisin, in the absence of any qualifying expression, is read into  every conveyance of land or an interest in
land, except in quitclaim deeds.  The
covenant of seisin  operates in the
present and is breached by the grantor at the time the instrument is made if he
does not own the estate he undertakes to convey.

Reyes argues
that the trial court erred in awarding more than nominal damages for breach of
the covenant of seisin, since only nominal damages are recoverable when the
grantee retains possession of the property. 
The court in Sun Exploration and Production Company v. Benton, 728
S.W.2d 35, 37 (Tex.1987), held that the proper measure of damages for breach of
the covenant of seisin is the consideration paid.  See Johns v. Karam Development, Inc., 381 S.W.2d 933, 936
(Tex.Civ.App. - El Paso 1964, writ ref=d n.r.e.).  The rule urged by
Reyes and the case cited appears to be a minority rule as observed in 4 HERBERT
THORNDIKE TIFFANY, THE LAW OF REAL PROPERTY ' 1016 (1939), where it is stated:

In an
action for breach of the covenant for seisin, the measure of damages is ordinarily
the amount of the consideration paid by the grantee, usually with interest,
such consideration being presumably the value of the land at the time of the
sale, with a view to which the covenant was made.  Adopting this measure of damages in case the breach is as to part
of the premises only, the recovery is a part of the consideration, proportioned
to the value of such part.  And if the
estate which passes is less than that purported to be conveyed, the amount
recoverable is the consideration paid less the value of the estate which
actually passes.

 

Occasionally
the view has been asserted that the covenantee can recover only nominal damages
on account of a breach of the covenant for seisin, if he has in no way been
disturbed in his possession of the land. 
In the great majority of cases, however, the fact that the grantee is or
is not still in possession is not referred to in connection with the question
of the amount of damages recoverable, and in a few cases the view referred to
is clearly repudiated.

 

Here,
Booth only received an undivided one-half interest.  The consideration was $20,000. 
The trial court did not err in awarding Booth damages of $9,000.  Reyes=s issue is overruled.

The trial
court also found that there was a failure of consideration.  Reyes maintains that Booth cannot rely upon
failure of consideration because Booth=s petition was not verified. 
Reyes failed to except to the non-verification of the pleading and,
thus, waived the objection. 
TEX.R.CIV.P. 90; Echols v. Bloom, 485 S.W.2d 798, 800-01 (Tex.Civ.App. -
Houston [14th Dist.] 1972, writ ref=d n.r.e).  This issue is
overruled.








Reyes
challenges the jurisdiction of Judge Weldon Kirk to sign the final judgment in
this case.  Judge Kirk, the elected
judge of the 32nd Judicial District, heard the evidence in the case on May 5,
2000.  Judge Kirk retired in June of
2000 without having signed the final judgment in this case.  On August 7, 2000, Judge Dean Rucker,
Presiding Judge of the Seventh Administrative Judicial Region, pursuant to TEX.
GOV=T CODE ANN. ' 74.056 (Vernon 1998), assigned Judge Kirk to serve as Presiding Judge
of the 32nd District Court.  The order
provides in part:

I assign the Honorable Weldon Kirk, Presiding
Judge of the 32nd District Court, to the 32nd District Court of Fisher,
Mitchell and Nolan Counties, Texas.

 

This
assignment is for the purpose of presiding in all matters that may come for
hearing.  This assignment is for a
period beginning on August 7, 2000 and ending on December 31, 2000, and shall
continue thereafter so long as may be necessary for the assigned judge to
complete trial of any cause begun during such period, and to pass on motions
for new trial and all other matters growing out of any cause heard by the
assigned judge during such period.

 

On August
7, 2000, Judge Kirk signed the final judgement in this case.  The assignment of Judge Kirk stated that the
Aassignment is for the purpose of presiding in
all matters that may come for hearing.@  The entry of the judgment in
this case was a proper matter that came for Ahearing@ before Judge Kirk on August 7, 2000.  Reyes=s challenge is overruled.  

Reyes also
argues that he had no opportunity to exercise his right to object to the
assignment of Judge Kirk pursuant to TEX. GOV=T CODE ANN. '
74.053(b) (Vernon 1998).  Judge Kirk was
assigned on August 7, 2000; and Judge Kirk signed the judgment in this case on
August 7, 2000. Reyes filed his objection to Judge Kirk=s assignment on October 12, 2000.  The objection was not timely.  See Tivoli Corporation v. Jewelers Mutual
Insurance Company, 932 S.W.2d 704 (Tex.App. - San Antonio 1996, writ den=d); Morris v. State, 913 S.W.2d 694 (Tex.App.
- Eastland 1995, writ dism=d w.o.j.).  The complaint is
overruled.








On the day
before trial, Booth filed an amended original petition and for the first time
sought attorney=s fees. 
The trial court awarded Booth both trial and appellate attorney=s fees. 
Reyes contends that the trial court erred in awarding attorney=s fees because Booth failed to prove that
Booth=s claim was presented to Reyes as required by
TEX. CIV. PRAC. & REM. CODE ANN. ' 38.002(2) (Vernon 1997).  We
agree.  Booth directs us to certain
testimony by Reyes wherein Reyes states that he had attempted to clear up the
title problem by offering some money to the owners of the outstanding one-half
undivided interest in the property. 
This evidence does not show a proper presentment.  Presentment of a claim under Section
38.002(2) is required to allow the person against whom it is asserted an
opportunity to pay it before incurring an obligation for attorney=s fees. 
See Panizo v. Young Men=s Christian Association of the Greater Houston Area, 938 S.W.2d 163
(Tex.App. - Houston [1st Dist.] 1996, no writ).  We overrule the trial court=s award of trial and appellate attorney=s fees.  

Reyes did
not prevail and was not awarded any damages. 
The trial court properly refused to award attorney=s fees to Reyes.  We overrule Reyes=s contention that the court erred in not awarding him attorney=s fees. 
Green International, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex.1997).

The award
of $9,000 to Booth is affirmed.  The
award of attorney=s fees
to Booth is reversed, and we render judgment that Reyes is not liable for
attorney=s fees.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

March 27, 2003

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.