11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Frank Reyes

Appellant

Vs.                   No.
11-00-00391-CV B Appeal from Nolan County

Ruby Booth

Appellee

 

In a
nonjury case, the trial court rendered judgment in favor of Ruby Booth against
Frank Reyes for $9,000 plus attorney=s fees.  Reyes appeals.  We affirm in part and reverse and render in
part.

In its
findings of fact, the trial court found that Booth agreed to purchase the
property located at 211 East New Mexico in Sweetwater from Reyes.  The consideration agreed to by the parties
was the sum of $20,000.  Booth paid
$9,000 in cash and conveyed a home located at 106 Patterson in Sweetwater to
Reyes.  Reyes executed a general
warranty deed purporting to convey all of Lot No. 12, Block No. 22.  The deed contained a scrivener=s error; the deed from Reyes should have
described the property as Block 23 instead of Block 22.  The intent of the parties was that Reyes was
to convey the property located at 211 East New Mexico to Booth.  Reyes only owned an undivided one-half
interest in the property.  The other
undivided one-half interest was held in a testamentary trust created by Michael
Eugene Schulze.

Reyes
challenges the jurisdiction of Judge Weldon Kirk to sign the final judgment in
this case.  Judge Kirk, the elected
judge of the 32nd Judicial District, heard the evidence in the case on May 5,
2000.  Judge Kirk retired in June of
2000 without having signed the final judgment in this case.  On August 7, 2000, Judge Dean Rucker,
Presiding Judge of the Seventh Administrative Judicial Region, pursuant to TEX.
GOV=T CODE ANN. ' 74.056 (Vernon 1998), assigned Judge Kirk to serve as Presiding Judge
of the 32nd District Court.  The order
provides in part:

I assign
the Honorable Weldon Kirk, Presiding Judge of the 32nd District Court, to the
32nd District Court of Fisher, Mitchell and Nolan Counties, Texas.

 








This
assignment is for the purpose of presiding in all matters that may come for
hearing.  This assignment is for a
period beginning on August 7, 2000 and ending on December 31, 2000, and shall
continue thereafter so long as may be necessary for the assigned judge to
complete trial of any cause begun during such period, and to pass on motions
for new trial and all other matters growing out of any cause heard by the
assigned judge during such period.

 

On August
7, 2000, Judge Kirk signed the final judgement in this case.  The assignment of Judge Kirk stated that the
Aassignment is for the purpose of presiding in
all matters that may come for hearing.@  The entry of the judgment in
this case was a proper matter that came for Ahearing@ before Judge Kirk on August 7, 2000.  Reyes=s challenge is overruled.  

Reyes also
argues that he had no opportunity to exercise his right to object to the
assignment of Judge Kirk pursuant to TEX. GOV=T CODE ANN. '
74.053(b) (Vernon 1998).  Judge Kirk was
assigned on August 7, 2000; and Judge Kirk signed the judgment in this case on
August 7, 2000. Reyes filed his objection to Judge Kirk=s assignment on October 12, 2000.  The objection was not timely.  See Tivoli Corporation v. Jewelers Mutual Insurance
Company, 932 S.W.2d 704 (Tex.App. - San Antonio 1996, writ den=d); Morris v. State, 913 S.W.2d 694 (Tex.App.
- Eastland 1995, writ dism=d w.o.j.).  The contention is
overruled.

The trial
court found in its conclusions of law that Reyes breached the covenant of
seisin.  Booth does not rely upon a
breach of the expressed general warranty in the deed because there has been no
actual or constructive eviction of Booth by paramount title.  See Schneider v. Lipscomb County Nat. Farm
Loan Ass=n, 202 S.W.2d 832, 834 (Tex.1947).

In
Childress v. Siler, 272 S.W.2d 417, 420, (Tex.Civ.App. - Waco 1954, writ ref=d n.r.e.), the court held that the covenant
of seisin, in the absence of any qualifying expression, is read into  every conveyance of land or an interest in
land, except in quitclaim deeds.  The
covenant of seisin  operates in the
present and is breached by the grantor at the time the instrument is made if he
does not own the estate he undertakes to convey.








Reyes
argues that the trial court erred in awarding more than nominal damages for
breach of the covenant of seisin, since only nominal damages are recoverable
when the grantee retains possession of the property.  The court in Sun Exploration and Production Company v. Benton,
728 S.W.2d 35, 37 (Tex.1987), held that the proper measure of damages for
breach of the covenant of seisin is the consideration paid.  See Johns v. Karam Development, Inc., 381
S.W.2d 933, 936 (Tex.Civ.App. - El Paso 1964, writ ref=d n.r.e.). 
The rule urged by Reyes and the case cited appears to be a minority rule
as observed in 4 HERBERT THORNDIKE TIFFANY, THE LAW OF REAL PROPERTY ' 1016 (1939), where it is stated:

In an
action for breach of the covenant for seisin, the measure of damages is
ordinarily the amount of the consideration paid by the grantee, usually with
interest, such consideration being presumably the value of the land at the time
of the sale, with a view to which the covenant was made.  Adopting this measure of damages in case the
breach is as to part of the premises only, the recovery is a part of the
consideration, proportioned to the value of such part.  And if the estate which passes is less than
that purported to be conveyed, the amount recoverable is the consideration paid
less the value of the estate which actually passes.

 

Occasionally
the view has been asserted that the covenantee can recover only nominal damages
on account of a breach of the covenant for seisin, if he has in no way been
disturbed in his possession of the land. 
In the great majority of cases, however, the fact that the grantee is or
is not still in possession is not referred to in connection with the question
of the amount of damages recoverable, and in a few cases the view referred to
is clearly repudiated.

 

Here,
Booth only received an undivided one-half interest.  There was evidence that owning only an undivided one-half
interest in the property would make it Aimpossible@ to
sell.  The consideration was
$20,000.  The trial court did not err in
awarding Booth damages of $9,000.  Reyes=s issue is overruled.








Reyes
contends that the trial court=s finding of fact that Reyes only owned a one-half interest in the
property conveyed was against the great weight and preponderance of the
evidence.  In considering Reyes=s factually insufficient evidence complaint,
we review and consider all of the evidence and reverse the finding only if the
finding is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Pool v. Ford
Motor Company, 715 S.W.2d 629 (Tex.1986); Cain v. Bain, 709 S.W.2d 175
(Tex.1986).  Rod Wetsel, an attorney who
had practiced law in Sweetwater for 22 years, who was a member of the Joint
Editorial Board for the Title Standards which are published in the Texas
Property Code, and who was Board Certified by the Texas Board of Legal
Specialization in oil and gas and mineral law, testified that Booth only
received an undivided one-half interest in the property that was conveyed by
the deed from Reyes to Booth.  Wetsel
testified that he had examined thousands of land titles during his law
practice.  He described how he examined
the appropriate documents from a run sheet to the property that he got from
Beall Abstract and Title Company. 
Wetsel stated that the run sheet did not have a certificate stating that
it included all of the instruments on file affecting Lot No. 12, Block No. 22,
Bradford Addition; but Wetsel also stated that, for 22 years, he had relied
upon run sheets prepared by Beall Abstract and that he had never found a substantial
mistake.  We also note that Reyes
testified that he had attempted to purchase the outstanding interest in the
property in order to clear the title. 
We hold that the evidence was factually sufficient.

Reyes also
asserts that the finding by the court that the consideration was $20,000 was
against the great weight and preponderance of the evidence.  Ruby Booth testified that, during the
negotiations, Reyes put a price of $20,000 on the property located at 211 East
New Mexico.  Booth stated that she gave
Reyes her house at 106 Patterson Street plus $9,000 for Reyes=s house. 
Reyes testified that he thought the house on Patterson Street was worth
maybe five or six thousand dollars.  On
cross-examination, Reyes was asked if the agreed price for the house at 211
East New Mexico was $20,000.  Reyes
answered: AI don=t recall, to tell you the truth.@  After considering all of the
evidence, we hold that the finding by the trial court was not against the great
weight and preponderance of the evidence. 
Pool v. Ford Motor Company, supra; Cain v. Bain, supra.

Reyes also
urges that the trial court erred in not excluding as hearsay the title run
sheet, a gift deed, and will because the documents were improperly
authenticated.  The court overruled
Reyes=s objection, stating that the objection was
not timely.  Wetsel had identified and
discussed these instruments during his testimony.  The objection was made when Booth offered the documents into
evidence.  Even if we assume that the
objection had not been waived, we hold that the introduction into evidence of
the documents probably did not cause the rendition of an improper
judgment.  TEX.R.APP.P. 44.1(a)(1).  Wetsel=s expert opinion was based upon his review of many instruments in his
title search.








On the day
before trial, Booth filed an amended original petition and for the first time
sought attorney=s fees. 
The trial court awarded Booth both trial and appellate attorney=s fees. 
Reyes contends that the trial court erred in awarding attorney=s fees because Booth failed to prove that
Booth=s claim was presented to Reyes as required by
TEX. CIV. PRAC. & REM. CODE ANN. ' 38.002(2) (Vernon 1997).  We
agree.  Booth directs us to certain
testimony by Reyes wherein Reyes states that he had attempted to clear up the
title problem by offering some money to the owners of the outstanding one-half
undivided interest in the property. 
This evidence does not show a proper presentment.  Presentment of a claim under Section
38.002(2) is required to allow the person against whom it is asserted an
opportunity to pay it before incurring an obligation for attorney=s fees. 
See Panizo v. Young Men=s Christian Association of the Greater Houston Area, 938 S.W.2d 163
(Tex.App. - Houston [1st Dist.] 1996, no writ).  We overrule the trial court=s award of trial and appellate attorney=s fees.  

Reyes did
not prevail and was not awarded any damages. 
The trial court properly refused to award attorney=s fees to Reyes.  We overrule Reyes=s contention that the court erred in not awarding him attorney=s fees. 
Green International, Inc. v. Solis, 951 S.W.2d 384, 390 (Tex.1997).

We have
not discussed Reyes=s
remaining issues because they are not necessary to a final disposition of this
appeal.  TEX.R.APP.P. 47.1.

The award
of $9,000 to Booth is affirmed.  The
award of attorney=s fees
to Booth is reversed, and we render judgment that Reyes is not liable for
attorney=s fees.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

July 17, 2003

Not designated for
publication.  See TEX.R.APP.P. 47.2(a).

Panel consists of: Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.