**Motion for Rehearing En Banc Denied as Moot; Opinion of February 6, 2018, Withdrawn; Affirmed in Part, Reversed and Rendered in Part, and Substitute Opinion filed June 14, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00119-CV

### COCHRAN INVESTMENTS, INC., Appellant

### V.

### CHICAGO TITLE INSURANCE COMPANY, Appellee

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-04631**

## S U B S T I T U T E   O P I N I O N

We deny as moot appellee Chicago Title Insurance Company's motion for rehearing en banc. We withdraw our opinion dated February 6, 2018, and issue the following substitute opinion. Our disposition remains the same.

Appellee Chicago Title Insurance Company sued Cochran Investments, Inc. as subrogee of Michael Ayers, who purchased a duplex from Cochran in 2011.

After a bench trial, the trial court found that Cochran breached (1) the covenant of seisin implied in the special warranty deed that conveyed the duplex to Ayers; and (2) the residential sales contract executed in connection with the duplex's sale.

Cochran filed a third-party petition against EMC Mortgage LLC in the same proceeding.[1] The duplex previously was subject to a deed of trust held by EMC, which had foreclosed on the duplex in 2010. Cochran purchased the property at a foreclosure sale before he sold it to Ayers. Cochran sought indemnity from EMC; the trial court granted summary judgment in favor of EMC on Cochran's claim.

We affirm the trial court's November 9, 2015 final judgment insofar as it grants EMC's motion for summary judgment because Cochran does not address EMC's summary judgment grounds on appeal.

We reverse the trial court's final judgment insofar as it assesses liability against Cochran. Chicago Title's claim for breach of the covenant of seisin is not viable because the special warranty deed that conveyed the duplex to Ayers did not imply the covenant of seisin. Chicago Title's breach of contract claim is not viable because, under the merger doctrine, the parties' residential sales contract merged with the special warranty deed when Ayers accepted the deed's delivery. The special warranty deed delineates the parties' rights; Chicago Title cannot rely on the sales contract to expand these rights.

We render a take-nothing judgment in favor of Cochran.

## BACKGROUND

This dispute arises from the 2011 sale of a duplex previously subject to foreclosure.

---

[1]JPMorgan Chase Bank, N.A. is successor by merger to EMC Mortgage LLC.

## I.      Foreclosure and Subsequent Sale

William England and Medardo Garza owned an east Houston duplex in equal shares.  Ownership of the duplex was subject to a deed of trust held by EMC.

England conveyed his one-half interest in the duplex to Garza in September 2009.

An involuntary bankruptcy proceeding was commenced against England in December 2009.  England's conveyance of his interest in the duplex was set aside as a fraudulent transfer.

EMC foreclosed its lien on the duplex in December 2010 and the duplex was sold at a foreclosure sale to Cochran for approximately $36,000.

Cochran sold the duplex to Ayers in June 2011 for $125,000.  Cochran and Ayers executed a residential sales contract and title was conveyed through a special warranty deed.  The deed's granting clause states:

> That Cochran Investments, Inc. . . . has GRANTED, SOLD AND CONVEYED and by these presents does hereby GRANT, SELL AND CONVEY unto Grantee, all of that certain tract of land lying and being situated in Harris County, Texas described as follows . . . .

The granting clause is followed by a description of the property.  The deed also includes a special warranty clause that states:

> Grantor does hereby bind Grantor and Grantor's successors and assigns to WARRANT AND FOREVER DEFEND, all and singular the Property, subject to the matters stated herein, unto Grantee and Grantee's successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any party thereof <u>by, through and under Grantor, but not otherwise</u>.

(emphasis in original).  In connection with Ayers's purchase of the duplex, Chicago Title issued an Owner's Policy of Title Insurance.  Chicago Title agreed to "pay

3

[Ayers] or take other action if [Ayers] ha[d] a loss resulting from a covered title risk."

The trustee overseeing England's bankruptcy proceeding sued EMC and Cochran in June 2011, asserting that the foreclosure sale and Cochran's subsequent purchase of the duplex violated the bankruptcy proceeding's automatic stay. The suit was amended to add Ayers as a defendant. Ayers filed a title insurance claim pursuant to the policy issued by Chicago Title, which assumed Ayers's defense in the proceeding.

On the bankruptcy trustee's motion, the bankruptcy court dismissed with prejudice the suit against EMC, Cochran, and Ayers in September 2012. To secure dismissal, Chicago Title paid $45,000 to the bankruptcy trustee and $20,000 to Garza in exchange for a transfer of their interests in the duplex to Ayers.

## II.     The Underlying Action

Chicago Title sued Cochran in February 2014 and sought to recover as Ayers's subrogree under the title insurance policy. Chicago Title asserted claims for breach of the implied covenant of seisin, breach of contract, money had and received, and unjust enrichment.

Cochran answered and filed a third-party petition seeking indemnification from EMC.

EMC filed a traditional and no-evidence motion for summary judgment on Cochran's indemnity claim. *See* Tex. R. Civ. P. 166a(c), (i). The trial court signed an order granting EMC's summary judgment motion in October 2014. The trial court's order did not specify whether it was granting EMC's traditional or no-evidence summary judgment motion. The trial court's October 2014 order granting

4

EMC's summary judgment motion was incorporated into its November 2015 final judgment.

Chicago Title and Cochran proceeded to a bench trial in October 2015. The trial court found in favor of Chicago Title and concluded that Chicago Title was subrogated to the rights of Ayers. In its final judgment signed on November 9, 2015, the trial court found that Cochran breached (1) the covenant of seisin implied in the special warranty deed that conveyed the duplex to Ayers; and (2) the residential sales contract executed in connection with the duplex's sale. The trial court assessed against Cochran $125,000 in actual damages and $11,000 for Chicago Title's reasonable and necessary attorney's fees.

In its oral rendition of judgment following the bench trial's conclusion, the trial court stated that Chicago Title's claim for money had and received was barred by the applicable statute of limitations. The trial court's final judgment did not expressly address Chicago Title's claims for money had and received and unjust enrichment. The final judgment included a Mother Hubbard clause stating that the judgment "disposes of all claims by and against all parties" and that "[a]ll relief not granted herein is denied."[2]

After the trial court signed its final judgment, Cochran timely requested findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296. The trial court did

---

[2] If there has been a "full trial on the merits either to the bench or before a jury," a Mother Hubbard clause "indicates the court's intention to finally dispose of the entire matter . . . ." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 204 (Tex. 2001). The final judgment's Mother Hubbard clause indicates the trial court's intent to dispose of Chicago Title's claims for money had and received and unjust enrichment without assessing liability against Cochran for these claims. Chicago Title does not challenge the trial court's failure to award damages based on its money had and received and unjust enrichment claims, nor does it argue these two claims as an alternative basis for judgment in its favor. We therefore do not address these claims on appeal.

5

not file findings of fact or conclusions of law and Cochran did not file a notice of past due findings and conclusions. *See* Tex. R. Civ. P. 297.

ANALYSIS

Cochran requested findings of fact and conclusions of law pursuant to Texas Rule of Civil Procedure 296, but failed to file a notice of past due findings of fact when the trial court did not make the requested findings. *See* Tex. R. Civ. P. 296, 297. "[W]hen no findings of fact or conclusions of law are filed or properly requested, it is implied that the trial court made all the necessary findings to support its judgment." *Mays v. Pierce,* 203 S.W.3d 564, 571 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Because a complete reporter's record is part of the appellate record in this case, Cochran nevertheless may challenge the legal and factual sufficiency of the trial court's findings. *Id.*

Cochran asserts a variety of arguments challenging the law and evidence underlying Chicago Title's claims for breach of contract and breach of the implied covenant of seisin:

- Res judicata bars Chicago Title's claims.
- The deed that conveyed the duplex to Ayers did not imply the covenant of seisin.
- Ayers was not evicted nor did he receive a judgment in his favor as necessary to recover on a breach of warranty claim.
- The trial court erred by assessing damages against Cochran for the entire purchase price paid by Ayers since there was only a partial failure of title.
- The merger doctrine bars Chicago Title's breach of contract claim.
- No authority permits Chicago Title's recovery of attorney's fees.
- The evidence does not support Chicago Title's recovery on a breach of contract theory.

We conclude that (1) the deed that conveyed the duplex to Ayers did not imply the covenant of seisin; and (2) the merger doctrine bars recovery for a breach of contract. Therefore, we do not address Cochran's other arguments on appeal.

Cochran also asserts that the trial court erred in granting EMC's motion for summary judgment. Because Cochran's arguments on appeal do not address the bases underlying EMC's motion for summary judgment, we affirm the trial court's order granting EMC's motion.

Our original opinion in this case was issued on February 6, 2018. Chicago Title filed a motion for rehearing en banc in which it argued that (1) the special warranty deed that conveyed the duplex to Ayers implied the covenant of seisin; and (2) the residential sales contract's inclusion of a savings clause renders the merger doctrine inapplicable. Chicago Title cited additional cases to support its argument regarding the implied covenant of seisin, which we address below. We do not address Chicago Title's argument regarding the residential sales contract's savings clause because this argument was not raised in Chicago Title's appellate brief and was asserted for the first time in its motion for rehearing en banc. *See AVCO Corp., Textron Lycoming Reciprocating Engine Div. of AVCO Corp. v. Interstate Sw., Ltd.*, 251 S.W.3d 632, 767 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) ("Generally, we do not base our rulings on arguments raised for the first time on rehearing."); *FCLT Loans, L.P. v. Estate of Bracher*, 93 S.W.3d 469, 485 n.14 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("An issue raised for the first time in a motion for rehearing is too late to be considered.").[3]

---

[3] Moreover, we are not required to make an independent search of the record for evidence supporting a party's position. *See* Tex. R. App. P. 38.1(i); 38.2(a); *Univ. Gen. Hosp., L.P. v. Prexus Health Consultants, LLC*, 403 S.W.3d 547, 557 n.6 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

## I.    Covenant of Seisin

Cochran asserts that the deed conveying the duplex to Ayers did not imply the covenant of seisin.

A covenant is implied in a real property conveyance if "it appears from the express terms of the contract that 'it was so clearly within the contemplation of the parties that they deemed it unnecessary to express it,' and therefore they omitted to do so, or 'it must appear that it is necessary to infer such a covenant in order to effectuate the full purpose of the contract as a whole as gathered from the written instrument.'" *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 888 (Tex. 1998) (quoting *Danciger Oil & Ref. Co. v. Powell*, 154 S.W.2d 632, 635 (Tex. 1941)). A covenant "will not be implied simply to make a contract fair, wise, or just." *Universal Health Servs., Inc. v. Renaissance Women's Group, P.A.*, 121 S.W.3d 742, 748 (Tex. 2003).

The implied covenant of seisin is "an assurance to the grantee that the grantor actually owns the property being conveyed, in the quantity and quality which he purports to convey, and it is breached if the grantor does not own the estate that he undertakes to convey." *Jackson v. Wildflower Prod. Co.*, 505 S.W.3d 80, 89 n.12 (Tex. App.—Amarillo 2016, pet. denied) (citing *Reyes v. Booth*, No. 11-00-00391-CV, 2003 WL 21663708, at *2 (Tex. App.—Eastland July 17, 2003, no pet.) (mem. op.)).[4] The covenant of seisin rarely has been applied in recent breach of covenant cases in Texas. *See Lykken v. Kindsvater*, No. 02-13-00214-CV, 2014 WL 5771832, at *3 n.5 (Tex. App.—Fort Worth Nov. 6, 2014, no pet.) (per curiam) (mem. op.).[5]

---

[4] In Texas case law, "seisin" has also been spelled "seisen," "seizin," and "seizen." *See Lykken v. Kindsvater*, No. 02-13-00214-CV, 2014 WL 5771832, at *3 (Tex. App.—Fort Worth Nov. 6, 2014, no pet.) (per curiam) (mem. op.).

[5] Our research found approximately 15 cases from the past 50 years addressing the covenant of seisin, none of which are from this Court. *See also Lykken*, 2014 WL 5771832, at *3 n.5 (noting that the covenant of seisin is "relatively uncommon" and applied in "only about sixteen

The covenant of seisin operates in the present and is breached by the grantor at the time the instrument is made if he does not own the property that he undertakes to convey. *Childress v. Siler*, 272 S.W.2d 417, 420 (Tex. Civ. App.—Waco 1954, writ ref'd n.r.e.). The covenant of seisin is synonymous with the covenant of good right to convey. *Id*.

To determine whether a conveyance implies the covenant of seisin, courts analyze the conveyance's language. *See Peck v. Hensley*, 20 Tex. 673, 677 (Tex. 1858); *Johns v. Karam Dev., Inc.*, 381 S.W.2d 933, 936 (Tex. Civ. App.—El Paso 1964, writ ref'd n.r.e.); *Childress*, 272 S.W.2d at 420. A deed implies the covenant of seisin if the grantor includes in the conveyance a representation or claim of ownership. *See Peck*, 20 Tex. at 674, 677; *Johns*, 381 S.W.2d at 934, 936; *Childress*, 272 S.W.2d at 419-20; *see also Jackson*, 505 S.W.3d at 94 (describing the covenant of seisin as a "representation or claim of ownership").

In *Peck v. Hensley*, the granting clause of the deed at issue "show[ed] a perfect chain of title" and stated that the grantors "hereby declare that we have good and full power so to sell and dispose of the said tract of land." *Peck*, 20 Tex. at 674, 677. "Looking to the intention of the parties, as manifested by the words of the deed," the Court concluded that "it was the intention of the grantors . . . to covenant, as the words import, that they had good right to convey the land described in the deed." *Id*. at 677.

Employing a similar analysis, the court in *Johns v. Karam Development, Inc.* determined that the appellant's assignment of an oil and gas lease implied the covenants of seisin and of good right to convey. *Johns*, 381 S.W.2d at 936. The court's opinion incorporated the assignment's granting clause, which stated that "the

---

cases in Texas in the past fifty years")

9

said lease and all rights thereunder or incident thereto are now owned by [appellant]" and that "the lawful owner of said lease and rights and interest thereunder . . . has good right and authority to sell and convey the same." *Id*. at 934, 936. The court also noted a letter appellant wrote contemporaneously with the execution of the assignment stating that he "guarantee[d] and warrant[ed] that [he] [was] the lawful owner and holder of the aforementioned right and interest under the original lease." *Id*. The court concluded that "[t]he language appellant used in his assignment of the . . . lease and in the contemporary letter relative to the assignment amounted to covenants of seizin and of good right to convey." *Id*. at 936.

Likewise, the court in *Childress v. Siler* concluded that the following language in the assignment of an oil and gas lease implied the covenant of seisin:

> [A]nd . . . [seller] does covenant with [buyer] that he is the lawful owner of the said lease and rights and interest thereunder . . . ; that [seller] has good right and authority to sell and convey the same . . . .

*Childress*, 272 S.W.2d at 419-20. This language, the court stated, "reveals that it was covenanted or promised that the seller was the lawful owner of the said lease" and "amount[ed] to [a] covenant[] of seizin." *Id*. at 420.

Here, unlike the conveyances analyzed in *Peck*, *Johns*, and *Childress*, the deed at issue does not represent or claim ownership on behalf of Cochran. *See Peck*, 20 Tex. at 677; *Johns*, 381 S.W.2d at 936; *Childress*, 272 S.W.2d at 420. The deed's granting clause states only that:

> Cochran Investments, Inc. . . . has GRANTED, SOLD AND CONVEYED and by these presents does hereby GRANT, SELL AND CONVEY unto Grantee, all of that certain tract of land lying and being situated in Harris County, Texas . . . .

The granting clause's use of the words "grant" and "convey" does not imply the covenant of seisin. Texas Property Code section 5.023(a) delineates the two

10

covenants implied by a conveyance's use of these words:

(a) Unless the conveyance expressly provides otherwise, the use of "grant" or "convey" in a conveyance of an estate of inheritance or fee simple implies only that the grantor and the grantor's heirs covenant to the grantee and the grantee's heirs or assigns:

1. that prior to the execution of the conveyance the grantor has not conveyed the estate or any interest in the estate to a person other than the grantee; and

2. that at the time of the execution of the conveyance the estate is free from encumbrances.[6]

Tex. Prop. Code Ann. § 5.023(a) (Vernon 2014). Chicago Title does not allege that Cochran conveyed the duplex to a person other than Ayers or that the duplex was subject to encumbrances.

Because the deed that conveyed the duplex to Ayers does not represent or claim that Cochran is the owner of the property, it does not imply the covenant of seisin. *See Peck*, 20 Tex. at 677; *Johns*, 381 S.W.2d at 936; *Childress*, 272 S.W.2d at 420.

Chicago Title cites several cases on rehearing to support its contention that the deed conveying the duplex to Ayers implied the covenant of seisin. We conclude that these cases are distinguishable.

Chicago Title cites *Childress v. Siler* but, as discussed above, the *Childress* court's basis for implying the covenant of seisin was language in the assignment representing that the seller was "the lawful owner of the said lease and rights and interest thereunder." *Childress*, 272 S.W.2d at 420. The deed conveying the duplex to Ayers does not contain a similar representation regarding ownership.

---

[6] "Encumbrance" is defined to include "a tax, an assessment, and a lien on real property." Tex. Prop. Code Ann. § 5.024 (Vernon 2014).

Chicago Title also relies on *Lykken v. Kindsvater*, 2014 WL 5771832, *Barron ex rel. Maness v. Purnell Morrow Co.*, No. 05-98-01828-CV, 2001 WL 637818 (Tex. App.—Dallas June 11, 2001, no pet.) (mem. op., not designated for publication), and *Fender v. Farr*, 262 S.W.2d 539 (Tex. Civ. App.—Texarkana 1953, no writ).

In each of these cases, the plaintiff's suit against the defendant for breach of the covenant of seisin was based on a ***prior conveyance by the defendant*** before the defendant conveyed the property to the plaintiff — a situation falling within the scope of the implied covenant described in Texas Property Code section 5.023(a). *See* Tex. Prop. Code Ann. § 5.023(a) (use of "grant" or "convey" in conveyance implies that "prior to the execution of the conveyance the grantor has not conveyed the estate or any interest in the estate to a person other than the grantee"); *Lykken*, 2014 WL 5771832, at \*1; *Barron ex rel. Maness*, 2001 WL 637818, at \*1; *Fender*, 262 S.W.2d at 540. The decisions in *Barron ex rel. Maness* and *Fender* expressly incorporate Texas Property Code section 5.023(a) into their analyses. *See Barron ex rel. Maness*, 2001 WL 637818, at \*3 ("even though appellants did not expressly warrant title, their use of 'grant' implies the warranty against previous conveyance provided by section 5.023 and the covenant of seizin"); *Fender*, 262 S.W.2d at 543 (stating that "appellant's case also finds finality" in the statutory predecessor to Texas Property Code section 5.023(a)).

Unlike the defendants in *Lykken*, *Barron ex rel. Maness*, and *Fender*, Chicago Title does not allege that Cochran conveyed the duplex before conveying it to Ayers. These cases do not support the conclusion that Cochran is liable for breach of the implied covenant of seisin under the circumstances present here.

Finally, Chicago Title cites *Jackson v. Wildflower Production Co.*, 505 S.W.3d 80, and *Chesapeake Expl., L.L.C. v. Dallas Area Parkinsonism Soc'y, Inc.*,

No. 07-10-0397-CV, 2011 WL 3717082 (Tex. App.—Amarillo Aug. 24, 2011, no pet.) (mem. op.). These cases do not guide our decision because neither examines the specific issue presented here — whether the defendant breached the implied covenant of seisin.

Unlike the conveyances in *Peck*, *Johns*, and *Childress*, the deed that conveyed the duplex to Ayers does not represent or claim ownership on behalf of Cochran. Although the deed includes the words "grant" and "convey," Chicago Title does not allege that Cochran previously conveyed the property as necessary to fall within the scope of the implied covenant described in Texas Property Code section 5.023. *See* Tex. Prop. Code Ann. § 5.023. In light of the Supreme Court of Texas's admonition against implied covenants that are not clearly expressed, as well as the limited jurisprudence addressing the covenant of seisin, we reverse and render judgment in favor of Cochran on Chicago Title's claim for breach of the covenant of seisin.

## II.      Breach of Contract

Cochran asserts that the merger doctrine bars Chicago Title's breach of contract claim.

Under the merger doctrine, the conveyance provisions in a contract for the sale of real property "merge into the deed executed in accordance with the contract." *Devon Energy Prod. Co. v. KCS Res., LLC*, 450 S.W.3d 203, 211 (Tex. App.— Houston [14th Dist.] 2014, pet. denied) (citing *Alvarado v. Bolton*, 749 S.W.2d 47, 48 (Tex. 1988)). After delivery and acceptance, deeds are generally regarded as the final expression of the parties' agreement and the sole repository of the terms on which they have agreed. *Smith v. Harrison Cty.*, 824 S.W.2d 788, 793 (Tex. App.— Texarkana 1992, no writ). The merger doctrine requires courts "to look to the deed alone in evaluating the parties' respective rights even if the terms of the deed vary from the contract." *Devon Energy Prod. Co.*, 450 S.W.3d at 211.

Where a party's contract claim "involves the scope of the conveyance itself" and analyzes whether the property was conveyed, it is barred by the merger doctrine. *Id*. at 214. The merger doctrine applies only in the absence of fraud, accident, or mistake. *Givens v. Ward*, 272 S.W.3d 63, 68 (Tex. App.—Waco 2008, no pet.).

Here, the trial court's final judgment does not state which particular contractual provision Cochran breached. Chicago Title's pleadings and the evidence at trial indicate that the breach was premised on the contract's conveyance provisions. Chicago Title's petition asserts that Cochran breached its contract with Ayers by "fail[ing] to convey the Property to Ayers as negotiated for under the contract," and the evidence at trial addressed only Cochran's failure to transfer title to the duplex.

The parties' sales contract merged with the special warranty deed when Ayers accepted the deed's delivery. *See Smith*, 824 S.W.2d at 793. The deed alone delineates the parties' rights with respect to the real estate transaction at issue. *See Devon Energy Prod. Co.*, 450 S.W.3d at 211; *Smith*, 824 S.W.2d at 793. Chicago Title cannot rely on the contract's conveyance provisions to redress a failure to transfer title. *See Devon Energy Prod. Co.*, 450 S.W.3d at 211; *Smith*, 824 S.W.2d at 793.

## III. EMC's Summary Judgment Motion

Cochran asserts that the trial court "erred in granting a judgment in favor of EMC" on Cochran's indemnity claim.

EMC asserted in its traditional summary judgment motion that (1) it did not enter into any indemnity agreements with Cochran; and (2) Cochran acknowledged that its remedies were limited to a refund of the purchase price if the foreclosure sale was declared invalid. EMC's no-evidence summary judgment motion asserted that

14

Cochran had no evidence to support its claim for indemnity from EMC. The trial court granted EMC's summary judgment motion without specifying the grounds on which summary judgment was being granted.

Cochran's brief does not address the arguments asserted in EMC's summary judgment motion. Cochran instead contends that the trial court's judgment in favor of Chicago Title depended on the conclusion that the duplex's foreclosure sale by EMC was void, and that Cochran therefore is entitled to a return of the money it paid EMC at the foreclosure sale.

"When, as in the present case, a movant asserts multiple grounds for summary judgment, and the trial court does not specify in the order the ground on which summary judgment was granted, the appellant must negate all grounds on appeal." *Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Lewis v. Adams*, 979 S.W.2d 831, 833 (Tex. App.—Houston [14th Dist.] 1998, no pet.)). "If the appellant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the summary judgment." *Id.*

Cochran's brief does not address EMC's arguments in its summary judgment motion challenging Cochran's indemnity claim. Cochran's brief does not address or provide support for its indemnity claim. Because Cochran failed to challenge the grounds on which EMC's summary judgment motion could have been granted, we are required to affirm the trial court's order granting summary judgment. *See id.*

## CONCLUSION

We affirm the trial court's November 9, 2015 final judgment insofar as it grants EMC's motion for summary judgment. We reverse the trial court's final

15

judgment insofar as it assesses liability against Cochran based on Chicago Title's breach of contract and breach of the covenant of seisin claims.  We render a take-nothing judgment in favor of Cochran.


/s/     William J. Boyce
        Justice


Panel consists of Justices Boyce, Donovan, and Jewell.