**CHICAGO TITLE INSURANCE COMPANY**

v.

**Jerry E. McDANIEL and Christina W. McDaniel.**

No. D–3648.

Supreme Court of Texas.

Jan. 5, 1994.

Rehearing Overruled June 8, 1994.

Stephen A. Grimmer and Randall K. Price, Dallas, for petitioner.

Robert J. Thomas, Houston, for respondent.

PER CURIAM.

This cause involves claims against a title insurer based on the Texas Deceptive Trade Practices–Consumer Protection Act, TEX.BUS. & COM.CODE §§ 17.41–.63 (DTPA). The court of appeals held that "there are genuine issues of material fact under the DTPA," and therefore reversed the trial court's summary judgment in favor of the title insurer. 873 S.W.2d 712. Because we conclude that there is no genuine issue of fact concerning any misrepresentations by the title insurer, we reverse the judgment of the court of appeals.

Jerry and Christina McDaniel purchased a home from Couch Mortgage Company in September 1983. At the time of the closing, the McDaniels also purchased a title insurance policy to be issued by Chicago Title Insurance Company. The policy, which the McDaniels received several weeks later, provides in part that Chicago Title "for value does hereby guarantee to the Insured ... that as of the date hereof, the Insured has good and indefeasible title to the estate or interest in the land described or referred to in this policy."

In December 1988, the McDaniels received notice from the bankruptcy trustee of Couch Mortgage that their property was subject to a preexisting lien that had been properly filed and recorded in April 1983. The McDaniels abandoned the property in October 1989. Three months later, a federal bankruptcy court ruled that the McDaniels' purchase money lien on the property was superior to the preexisting lien.

The McDaniels brought this suit in late 1990, seeking damages under the DTPA based on Chicago Title's representations. In April 1991, Chicago Title secured the release of the preexisting lien.

Chicago Title asserts that it has discharged its obligations under the title insurance policy, and that it cannot be liable under the DTPA because it has made no representations regarding the status of the title to the McDaniels' property. We agree.

A title insurance policy is a contract of indemnity. *Southern Title Guar. Co. v. Prendergast,* 494 S.W.2d 154, 158 (Tex. 1973). In other words, the only duty imposed by a title insurance policy is the duty to indemnify the insured against losses caused by defects in title. *See Martinka v. Commonwealth Land Title Ins. Co.,* 836 S.W.2d 773, 777 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *see also Stewart Title Guar. Co. v. Cheatham,* 764 S.W.2d 315, 320–21 (Tex.App.—Texarkana 1988, writ denied). Thus, Chicago Title's issuance of a policy did not constitute a representation regarding the status of the property's title; rather, it constituted an agreement to indemnify the McDaniels against losses caused by any defects.

A title insurer may be held liable under the DTPA for an affirmative representation that is the producing cause of damages to the insured. *First Title Co. v. Garrett,* 860 S.W.2d 74 (Tex.1993).[1] In the present case, however, there is no allegation of any such affirmative representation. Nor is there any allegation that Chicago Title breached its duty under the contract, or that it may be liable to the McDaniels in any other respect apart from the DTPA. Accordingly, because there is no genuine issue of fact regarding the representations made in the title insurance policy, a majority of this Court grants Chicago Title's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and renders judgment for Chicago Title. Tex. R.App.P. 170.

---

1. In *First Title,* the title commitment issued by the defendant title companies included an affirmative representation that there were no restrictive covenants of record. The record reflected that it was "customary and usual" for an insured to rely on a title commitment as an assessment of the state of title. 860 S.W.2d at 76 n. 2.