ACCEPTED
01-14-00170-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/15/2015 10:48:00 PM
CHRISTOPHER PRINE
CLERK

# CASE NO. 01–14–00170–CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/15/2015 10:48:00 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIRST COURT OF APPEALS
## HOUSTON, TEXAS

_____

FIRST AMERICAN TITLE INSURANCE COMPANY

V.

PATRIOT BANK

_____

On Appeal from the 61st Judicial District Court of
Harris County, Texas, Cause No. 2012–47633

_____

PATRIOT BANK'S MOTION FOR REHEARING

LEYH, PAYNE & MALLIA, PLLC
Sean M. Reagan
Texas Bar No. 24046689
sreagan@lpmfirm.com
9545 Katy Freeway, Suite 200
Houston, Texas 77024
(713) 785-0881
(713) 784-0338 (Fax)

*Counsel for Appellee and Cross–Appellant, Patriot Bank*

1

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................2

ISSUES PRESENTED ON REHEARING.................................................3

INTRODUCTION...............................................................................4

ARGUMENT & AUTHORITIES............................................................5

    A.    The Court didn't address Patriot's argument that the proper measure of damages for a complete failure of title should be the same as the measure of damages for breach of the covenants of seisin and warranty of good title. ...............................................................................5

    B.    The Court didn't address Patriot's argument that the Texas Department of Insurance's Manual of Title Insurance dictates that the value of the property at issue must be at least $1.5 million. ........................................8

    C.    First American's alleged reliance on Shelkey's affidavit is legally insufficient as a matter of law because the linchpin for his claim that a bona fide dispute exists is an appraisal done more than three years after Patriot's claim accrued. The date of valuation, if any, must be the date of the loss, April 29, 2009, and not some date three years after the fact. .................................................................................10

PRAYER .......................................................................................12

CERTIFICATE OF SERVICE.............................................................13

CERTIFICATE OF COMPLIANCE........................................................14

# ISSUES PRESENTED ON REHEARING

## Issue Presented Number One:

Texas Rule of Appellate Procedure 47.1(a) requires the Court to address every issue raised and necessary to the final disposition of an appeal. The Court's opinion didn't address the following issues raised by Patriot:

    (1)    whether the measure of damages for a complete failure of title is the same as the measure of damages for breach of the covenants of seisin and good title,

    (2)    whether the Texas Department of Insurance's Manual of Title Insurance dictates that the value of the property at issue must be at least $1.5 million, and

    (3)    what is the correct date on which to measure Patriot's loss.

Should the Court grant rehearing and address these issues?

## Issue Presented Number Two:

First American claims that Patriot's insurance bad faith claims are barred as a matter of law because a bona fide dispute exists. The linchpin of this claim is First American's reliance on an appraisal that valued the property as of June 19, 2012—three years after Patriot's claim accrued. Is First American's reliance on this appraisal legally sufficient to establish a bona fide dispute as a matter of law?

To the Honorable First Court of Appeals:

## INTRODUCTION

The Court should grant rehearing and address each issue raised by Patriot in its opening brief, including (1) whether the measure of damages for a complete failure of title is the same as the measure of damages for breach of the covenants of seisin and good title, (2) whether the Texas Department of Insurance's Manual of Title Insurance dictates that the value of the property at issue must be at least $1.5 million, and (3) what is the correct date on which to measure Patriot's loss. The Court should also grant rehearing and address whether First American's reliance on an appraisal that valued the property as of June 19, 2012—more than three years after Patriot's claim accrued—is legally sufficient to establish a bona fide dispute exists as a matter of law and thus, bar Patriot's insurance bad faith claims.

## ARGUMENT & AUTHORITIES

A.     **The Court didn't address Patriot's argument that the proper measure of damages for a complete failure of title should be the same as the measure of damages for breach of the covenants of seisin and warranty of good title.**

Patriot argued in its opening brief that a complete failure of insured title is virtually identical to a breach of the covenants of seisin and warranty of good title. The Court did not address this argument in its opinion.

As set forth in Patriot's opening brief, the covenant of seisin, in the absence of any qualifying expression, is read into every conveyance of land or interest in land, except in quitclaim deeds. *Childress v. Siler,* 272 S.W.2d 417, 420 (Tex. Civ. App.—Waco 1954, writ ref'd n.r.e.). The proper measure of damages for breach of the covenants of seisin and warranty of good title is the consideration paid for the conveyance. *Sun Exp. and Prod. Co. v. Benton,* 728 S.W.2d 35, 37 (Tex. 1987); *Boatright,* 790 S.W.2d at 727; *Johns,* 381 S.W.2d at 936; *Childress,* 272 S.W.2d at 420. This measure of damages is applied upon the theory that since the grantor had no title, he had none to convey, and thus, the grantee may recover the money paid without consideration. *See Evans v. Henderson,* 460 B.R. 848, 899 (Bankr. S.D. Miss 2011) (quoting *Securities Serv.,*

5

*Inc. v. Transamerica Title Ins. Co.,* 583 P.2d 1217, 1221 (Wash. 1978)).

This measure of damages makes the plaintiff "whole" because he is allowed to recover the consideration he provided in the event there is a failure of title. This is virtually identical to the purpose of title insurance. *See also, Chicago Title Ins. Co. v. McDaniel,* 875 S.W.2d 310, 311 (Tex. 1994) (title insurance is a contract of indemnity requiring an insurer to pay the loss or damage its insured suffered because of the title defect); *see also,* (CR 822, ¶ 8(a) ("This policy is a contract of indemnity against actual monetary loss or damage sustained by the Insured Claimant who has suffered loss or damage by reason of matters insured against by this policy.").

Here, it is undisputed that a complete failure of title exists regarding the 8.225 acre and 7.500 acre tracts. (CR 828, ¶ 3). The question is how to measure Patriot's loss or damage when there is such a complete failure of title.

Patriot asserts that, just as when there is a breach of the covenants of seisin and warranty of good title, its loss or damage is measured by the amount of consideration it provided for the deed of trust Tantalus Bay had no right to convey. Patriot would not have

loaned $1.5 million to Tantalus Bay if it knew its collateral was worthless, nor would any lender do so. *See, e.g., Citicorp Sav. of Ill. v. Stewart Title Guar. Co.,* 840 F.2d 526, 530 (7th Cir. 1988) ("As a practical matter, Citicorp would not have extended $27,000 credit to Robinson on the basis of a voidable mortgage. No lender would do so."). Thus, to be made whole, Patriot would have to recover the consideration it provided to Tantalus Bay in exchange for title to real property that Tantalus Bay had no right to convey, which was $1.5 million. Patriot's claim is virtually identical to a claim for breach of the covenants of seisin and warranty of good title and its damages must be measured the same way.

The Court did not address this issue in its opinion. Texas Rule of Appellate Procedure 47.1(a) requires the Court to address every issue raised and necessary to the final disposition of appeal. TEX. R. APP. P. 47.1(a). Patriot respectfully requests that the Court grant rehearing and address this issue.

**B.** **The Court didn't address Patriot's argument that the Texas Department of Insurance's Manual of Title Insurance dictates that the value of the property at issue must be at least $1.5 million.**

Patriot also asserted in its opening brief that, even if First American were correct and the value of the property were relevant, the value of the property for purposes of calculating Patriot's damages would still be at least $1.5 million. The Court didn't address this issue in its opinion.

Under the Texas Department of Insurance's Manual of Title Insurance, which First American admits it is bound by, "[w]hen the land covered in the policy represents only part of the security of the loan(s), then the policy shall be written in the amount of the value of such land or the amount of the loan, whichever is the lesser." (CR 1013). Tantalus Bay pledged a laundry list of collateral for the underlying loan, including:

- All buildings and other improvements existing or placed on the land in the future;

- All equipment, fixtures, furnishings, and other articles of personal property existing or placed on the land in the future;

- All water and water rights utility capacity;

8

- All leases, rents, royalties, bonuses, profits, revenues, or other benefits of the land; and

- An assignment of rents.

(CR 499–502). Thus, the land at issue was not the only security for Patriot's loan. (*Id.*). So, the amount of insurance at issue, $1.5 million, must be either the value of the land or the amount of the loan, whichever is less. (*Id.*). Logic thus dictates the value of the property as insured must be at least $1.5 million as a matter of law under the Texas Department of Insurance's Manual of Title Insurance. Therefore, even if the value of the property were relevant, the value of the property would nevertheless be at least $1.5 million under the Texas Department of Insurance's mandate as a matter of law.

The Court did not address this issue in its opinion. Texas Rule of Appellate Procedure 47.1(a) requires the Court to address every issue raised and necessary to the final disposition of appeal. TEX. R. APP. P. 47.1(a). Patriot respectfully requests that the Court grant rehearing and address this issue.

**C.** **First American's alleged reliance on Shelkey's affidavit is legally insufficient as a matter of law because the linchpin for his claim that a bona fide dispute exists is an appraisal done more than three years after Patriot's claim accrued. The date of valuation, if any, must be the date of the loss, April 29, 2009, and not some date three years after the fact.**

First American's claim that Patriot's bad faith claims are barred as a matter of law because a bona fide dispute exists is predicated on the appraisal Shelkey ordered. *First Am. Title Ins. Co.*, Slip. Op. at 17–18 ("First American explained that it had determined that it was liable for $205,000, which is the value of the Property, as determined by First American's appraiser. *** First American attempted to promptly effect what it reasonably considered to be a fair and equitable settlement of the claim based upon First American's *** reliance upon an independent appraisal ***."). But the appraisal Shelkey allegedly relied upon to generate the dispute at issue valued the property as of June 19, 2012, which is legally insufficient because this date is more than three years after Patriot's claim accrued. *Id.* at 17; (CR 863).

The rule in Texas has long been that contract damages are measured at the time of the breach. *Miga v. Jensen,* 96 S.W.3d 207, 214

(Tex. 2002).[1] This rule of law is equally applicable to title policies. *Southern Title Guar. Co., Inc. v. Prendergast,* 494 S.W.2d 154, 157 (Tex. 1973) (valuation is determined as of the date of the policy); *Stewart Title Guar. Co. v. Cheatham,* 764 S.W.2d 315, 318 (Tex. App.—Texarkana 1988, writ denied) (any damage occurred on the date the property was purchased). Patriot's title failed on the date of closing, April 29, 2009. (C.R. 498–526). Thus, Patriot's damages must be measured as of April 29, 2009, the date Patriot's claim accrued. *Miga,* 96 S.W.3d at 214; *Prendergast,* 494 S.W.2d at 157.

First American's appraisal valued the property as of June 19, 2012—more than three years after Patriot's title failed. (CR 863). The valuation of the property more than three years after the claim accrued is patently irrelevant as a matter of law. The date the breach occurred—April 29, 2009—is what matters, not some date three years down the road. So, Shelkey's reliance on a legally insufficient appraisal cannot support a summary judgment in First American's favor as a matter of law.

---

[1] Patriot's actual damages for insurance bad faith are contractual in nature, *i.e.*, benefit of the bargain.

Patriot raised the issue of when to calculate its loss in its opening brief. But the Court did not address this issue in its opinion. Texas Rule of Appellate Procedure 47.1(a) requires the Court to address every issue raised and necessary to the final disposition of appeal. TEX. R. APP. P. 47.1(a). Patriot respectfully requests that the Court grant rehearing and address this issue.

## PRAYER

FOR THESE REASONS, Patriot Bank respectfully requests that the court grant rehearing, set aside its May 12, 2015 opinion, affirm the trial court's summary judgment in favor of Patriot Bank, award it its reasonable and necessary attorney's fees set forth in the trial court's judgment for defending this appeal, and its costs of appeal. Patriot Bank also requests that the Court reverse the summary judgment in favor of First American and remand Patriot's bad faith claims back to the trial court for further proceedings. Patriot also requests any other such and further relief to which it is entitled to receive.

{Signature on next page}

Respectfully submitted,

LEYH, PAYNE & MALLIA, PLLC


By: */s/ Sean M. Reagan*
     Sean Michael Reagan
     sreagan@lpmfirm.com
     Texas Bar No. 24046689
     9545 Katy Freeway, Suite 200
     Houston, Texas 77024
     Telephone: 713-785-0881
     Facsimile: 713-784-0884

**ATTORNEY FOR APPELLEE**


**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document has been served to all interested parties of record on this the 15th day of June 2015:

| | |
|---|---|
| Tim McDaniel | *Via E–Service* |
| Kelly Conklin | |
| Irelan McDaniel, PLLC | |
| 440 Louisiana, Suite 1800 | |
| Houston, Texas 77002 | |
| | |
| Don Colleluori | *Via E–Service* |
| Mark T. Davenport | |
| Figari & Davenport, LLP | |
| 901 Main Street, LB 125 | |
| Dallas, Texas 75202 | |

     */s/ Sean M. Reagan*
     Sean M. Reagan

## CERTIFICATE OF COMPLIANCE

Under Rule 9.4 of the Texas Rules of Appellate Procedure, I certify that the foregoing document is a computer-generated document containing 1,738 words. The undersigned relied upon the word count feature on his word processor in determining the word count.

/s/ Sean M. Reagan
Sean M. Reagan